(No. 11152.—Reversed and remanded.)

EMMA KEERAN, Adm., Appellant, vs. THE PEORIA, BLOOM-
INGTON AND CHAMPAIGN TRACTION COMPANY, Appellee.

*Opinion filed February 21, 1917—Rehearing denied April 6, 1917.*

1. WORKMEN'S COMPENSATION—*purpose of sections 6 and 29 of Workmen's Compensation act.* Sections 6 and 29 of the Workmen's Compensation act must be construed together, and when so construed they mean that no employee who is under the provisions of the act shall receive more and that no employer under the act shall pay more for an injury to such an employee arising out of and in the course of the employment than the amount of compensation fixed by the act.

2. SAME—*Workmen's Compensation act is not founded on the theory of negligence.* The Workmen's Compensation act is a departure from the common law and is not founded on the theory of negligence but on the theory that injuries to workmen and deaths caused by accident in any business shall be regarded as incident to the business and the expense thereof shall be borne by the business.

3. SAME—*sections 6 and 29 of Workmen's Compensation act do not constitute class legislation.* The Workmen's Compensation act is elective for both employer and employee, and the provisions of sections 6 and 29 of the act do not constitute class legislation but constitute a part of the contract entered into by the election to accept the provisions of the act.

4. SAME—*legislature may take away right to recover damages for wrongful death.* The right to recover damages for wrongful death is statutory and is subject to the control of the legislature, which may limit or take away such right, in its discretion; and no vested rights of the widow or next of kin of an employee are violated by the provisions of sections 6 and 29 of the Workmen's Compensation act prohibiting any common law action for damages for injury or death where the injured or deceased employee was under the act and was injured or killed in the course of his employment.

5. SAME—*title of Workmen's Compensation act is sufficient to include provisions of section 29.* The title of the Workmen's Compensation act is sufficiently comprehensive and specific to include all the provisions of section 29, since the title indicates that the law deals with compensation for injuries or death suffered in the course of employment, and any provision of the act reasonably connected with the purpose mentioned in the title is properly included in the act.

6. Same—*when pleas do not present a good defense to an action for damages for wrongful death.* In an action against an interurban company for negligently causing the death of a person not in its employ, pleas setting up that the defendant had elected to be bound by the Workmen's Compensation act, and that the decedent and his employer were under the act because the character of the employer's business was extra-hazardous, and that the decedent was killed while engaged in the line of his duty as an employee, are not sufficient, where they fail to allege what the decedent's duties were or what he was doing at the time of the injury.

7. Statutes—*when the provisions of a statute can be said to be germane to the act.* The subject of an act is the matter which constitutes its groundwork and may include many things which grow out of it or any matter which may be said to be reasonably subservient to it, and any provision which tends to accomplish the legislative purpose or in any reasonable sense to promote the object of the act is germane to it.

Appeal from the Circuit Court of McLean county; the Hon. Sain Welty, Judge, presiding.

Jesse E. Hoffman, for appellant.

Livingston & Bach, (Sigmund Livingston, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

Emma Keeran, as administratrix of the estate of James A. Keeran, deceased, began an action on the case against the Peoria, Bloomington and Champaign Traction Company to recover damages by reason of the death of her decedent, caused by the negligence of the defendant. The declaration alleged that the decedent was crossing the railway tracks of the defendant at Stillwell street, in Bloomington, Illinois, where there was a railroad grade, through which the defendant's cars passed through a subway beneath the railroad track, which grade prevented the users of Stillwell street from seeing the approach of the defendant's car from the east, and at the time a railroad train crossing the subway was making noise and confusion which

prevented the users of the street from hearing any whistle or bell that might have been sounded, and that the decedent, while attempting to cross the interurban track at that time and place, and using due care for his own safety, was struck and killed by an interurban car which the defendant was then and there running at a high and dangerous rate of speed. Beside the general issue the defendant filed three special pleas, to which the plaintiff filed demurrers, which were overruled. Judgment was rendered against the plaintiff, and she appealed.

The first special plea averred that at the time of the injury to the plaintiff's intestate he was in the employ of Mandel & Schwarzman, a co-partnership, and the injury was caused to him while he was engaged in the line of his duty as such employee; that neither the decedent nor Mandel & Schwarzman had given notice of their election to be bound or not to be bound by the Workmen's Compensation act but the defendant had given notice to be bound by such act, and that Mandel & Schwarzman were bound by the act because they were engaged in an enterprise and business in which statutory and municipal ordinance regulations were then imposed for the regulation, guarding, use and placing of machinery or appliances or protecting and safeguarding the employees or the public therein; that the same was an extra-hazardous occupation, enterprise and business because that firm operated both a freight elevator and a passenger elevator running from the basement to the fourth floor of the building; also a machine for grinding coffee, sewing machines, a meat grinder and two carrier systems, all operated by electrical power and all located in their business house, where, in addition, they maintained, for the purpose of operating such machinery, a system of electrical wiring or transmission, with dynamos and other electrical apparatus and appliances; that in said business they chopped and ground meat, repaired, remodeled and re-fitted wearing apparel, ground coffee and sold and delivered general mer-

chandise in the city of Bloomington, and that such business came within the provisions of the Workmen's Compensation act and within the operation of a city ordinance of the city of Bloomington which specified that hoistway openings should have trap-doors with sufficient guards, etc., which doors shall be kept closed, etc., and of a city ordinance requiring hoistways of elevators to have fireproof shafts constructed and protected as detailed in said ordinance, and of an ordinance requiring all doors in shafts of elevators to have latches, so that they could not be opened from the outside, and to be constructed in a certain way.

The second plea alleged that the decedent was in the employ of George Agle & Sons, a co-partnership, and that neither he nor his employers had given notice of their acceptance or rejection of the Workmen's Compensation act but that the defendant had accepted the act, and that the decedent and his employers were bound by the act by reason of the nature of the employers' business; that the employers in their business operated a gas engine, a centrifugal steam pump, an endless-chain ice elevator conveyor, a 25-horse power boiler carrying about one hundred pounds steam pressure, and an Atlas steam engine of about 25-horse power, in their business of making and storing ice, for grinding cereals and grain, for hoisting and elevating, for storage, grain, hides, fats, cereals and other commodities which they bought and sold, which machinery was operated by steam power and gas power, among which were drums, cogs, gearing, belting, shafting, fly-wheels, vats and other machinery used in the business, and that such business came under the act to provide for the health, safety and comfort of employees in factories, etc. (Laws of 1915, p. 418.)

The third plea alleged that the decedent was in the employ of both Mandel & Schwarzman and George Agle & Sons, and alleged the same facts as the other two pleas in regard to the business of each of them.

The pleas are founded on sections 6 and 29 of the Workmen's Compensation act, which are as follows:

"Sec. 6. No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury."

"Sec. 29. Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either

277 — 27

with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative, provided that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee, or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee, or personal representative or in his own name against such other person for a recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability."

The appellant contends that the provision of section 6 that no common law or statutory right to recover damages shall be available to any employee within the provisions of the act, or to anyone dependent upon him, or to his legal representatives, applies only to suits or claims against the employer and has no reference to claims against third persons; that if it is regarded as applying to claims against third persons for injury occasioned by their negligence, this section and section 29 are unconstitutional because based on class legislation, contrary to section 22 of article 4 of the constitution, and because the title of the act is not specific enough to include the provisions of section 29, and because that section is not germane to the act and causes the act to include more than one subject. The appellant also contends

that the pleas do not state facts showing that the decedent's employers were under the Workmen's Compensation act.

If section 6 were to be construed alone the appellant's claim in regard to its meaning would have much force, but the rule of construction requires the whole act to be construed together, and in determining the meaning of section 6 the provisions of section 29 cannot be disregarded. The two sections, when construed together, must be regarded as meaning that no common law or statutory right to recover damages for any accidental injury arising out of and in the course of his employment shall be available to any employee, either against his employer or against any third person whose negligence may have occasioned the injury, where such person had also elected to be bound by the act, the employer in such case being subrogated to the right of the employee or his personal representative to recover, and the amount of the recovery being limited to the aggregate amount of compensation payable under the act. Where, however, the injury for which compensation is payable under the act was not proximately caused by the negligence of the employer or his employees and was caused by the negligence of some other person who had elected not to be bound by the act, then an action may be brought to recover damages by the injured employee, or his personal representative, or the employer, according to circumstances. It was clearly the intention of the legislature that no employee who is under the provisions of the act shall receive more, and that no employer who is under the provisions of the act shall pay more for an injury to such an employee arising out of and in the course of the employment, than the amount of compensation fixed by the act. The act divides employers and employees who have accepted the provisions of the act from employers and employees who have not accepted the provisions of the act, and it establishes a different rule in regard to the respective rights and liabilities of all employers and employees under the act from that which ap-

plies to employers and employees not under the act. This classification the appellant regards as unreasonable so far as it concerns the liability of employers who are under the act to the employees of others who are under the act.

The Workmen's Compensation act is an entire departure from the common law in regard to the relation of master and servant. It does not rest on the theory of negligence, but on the theory that the injuries to workmen and deaths caused by accidents in any business should be regarded as a part of the expense of the business and should be borne by the business. We have held the act constitutional in many decisions, beginning with *Deibeikis* v. *Link-Belt Co.* 261 Ill. 454. It is elective, and results in two systems in the law of the State by which the rights of employers and employees are governed. Under the act the amount which a workman may recover for a particular injury is fixed by law. He may recover this amount regardless of the cause of the injury, the fault of his employer or his own negligence, so long as it arose out of and in the course of his employment. This valuation applies to all injuries which come within the provisions of the act and to all persons who come within its provisions, and it is not an unreasonable classification which applies the rule uniformly to all persons affected by the act. The act is elective both for employers and employees. It is apparent that the legislature considered the law of negligence as applied to the relation of master and servant as unsatisfactory in its results and sought by this act to secure to injured workmen and their dependents a more certain, prompt and inexpensive relief than the common law action afforded, by imposing upon the employer, as incident to his business, the burden of providing for the loss suffered by his employees from injuries received in his business according to a certain definite scale. The burden was not, however, imposed absolutely. The system was submitted to each employer and employee for acceptance or rejection. The employers who

accepted the provisions of the act assumed the definite liabilities it imposed upon them in consideration of their exemption from their common law liability, while the employees who accepted surrendered their common law rights in consideration of the definite remedy given by the act. The provisions of the act become a binding contract as to all who accept them. So far as employers and employees under the act are concerned, all accidental injuries to workmen arising out of and in the course of their employment are to be paid for by the employer in whose service the injury occurred, or the employer negligently causing the injury, at the rate fixed in the schedule established by the act. This provision constitutes part of the contract entered into by the election to accept the provisions of the act. It is competent to enter into such an agreement, and no constitutional rights are violated by its enforcement. In *Mathison* v. *Minneapolis Street Railway Co.* 126 Minn. 286, a similar provision in the Workmen's Compensation act of that State was attacked and was sustained. In *Peet* v. *Mills,* 76 Wash. 437, a like provision in the Workmen's Compensation act of that State was sustained.

It is insisted, however, that the employee has no right, by his acceptance of the provisions of the Workmen's Compensation act, to release the right of his widow and children to sue for compensation for his death negligently caused; that such right to compensation is the property of the widow and children, and he cannot surrender it by a contract made before the injury. The widow and children have no vested right to compensation for the death of a husband or father before the injury which is the cause of death. No right to compensation for an injury resulting in death existed at common law. Such right was given by statute, and, being wholly statutory, is subject to legislative control. It may be given upon such terms and to such extent as the legislature sees fit, and may be taken away or limited, in its discretion. A workman, by accepting the provisions of the

Workmen's Compensation act, does not release the right of his wife and children to sue for compensation for his death caused by negligence, for they have no such right. The act which gives the right to compensation for a death caused by negligence gives such right only where the death has been caused under such circumstances that the party injured would have been entitled to maintain an action for the negligence if death had not ensued. Where a death occurs under such circumstances that the deceased could not himself have sustained an action no right of action vests in the administrator. *Mooney* v. *City of Chicago,* 239 Ill. 414.

The title of the Workmen's Compensation act is sufficiently comprehensive and sufficiently specific to include all the provisions of section 29. Those provisions are germane to the act and do not introduce into it another subject not mentioned in the title. The title is, "An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State," etc. This is certainly specific enough to indicate that the law deals with compensation for injuries or death, and any provision of the act reasonably connected with the purpose mentioned in the title is properly included in the act.

The subject of an act is the matter which constitutes its groundwork and may include many things which grow out of it, and any matter which may be said to be reasonably subservient to the general subject may properly be included. (*People* v. *Sargent,* 254 Ill. 514.) Any provision which tends to accomplish the legislative purpose or in any reasonable sense to promote the object of the act is germane to it. (*Hoyne* v. *Ling,* 264 Ill. 506.) The main object of the act was to provide a prompt, sure and definite compensation, with a quick, cheap and efficient remedy for injuries or death suffered by employees in the course of their employment. The act fixed the amounts which might be received for various injuries, complete disability and death

and required them to be paid by the employer in whose service the injury occurred. It was certainly not wholly disconnected with the subject to consider the case when the injury, though happening in the course of employment, was caused by the negligence of another person than the employer. It was not intended that the injured person should be entitled to double compensation. Therefore the act provided, in section 29, that if the injury was caused by another than the injured person's employer, under circumstances imposing upon the former a legal liability for damages, and such other person was under the provisions of the act, the burden of making compensation should fall upon the person so causing the injury and the compensation should be such as was provided by the act, and the employer of the injured employee should be subrogated to his employee's rights against the person causing the injury; but if such other person so causing the injury was not under the provisions of the act, then the liability of such person should not be affected by the act but the employer of the injured employee should be subrogated to his employee's rights to the extent of the compensation paid or to be paid under the act. These provisions bear directly upon the subject mentioned in the title.

The pleas, however, are not good. They aver the deceased's employers were engaged in an enterprise and business in which statutory and municipal ordinance regulations have been imposed for the regulation, guarding, use and placing of machinery or appliances or protecting and safeguarding the employees or the public therein. In *Vaughan's Seed Store* v. *Simonini*, 275 Ill. 477, we said: "The reasonable interpretation of paragraph (*b*) of section 3 is, that the provisions of paragraph (*a*) shall only apply to an employer engaged in the extra-hazardous occupations mentioned, so far as such extra-hazardous occupations are concerned. The object of section 3 was the better protec-

tion of employees exposed to greater danger by reason of their employment in these extra-hazardous occupations, and it was not intended that employers engaged in such extra-hazardous occupations should for that reason be subject to any greater liability to their employees not engaged in such occupations than other employers under the same circumstances. The defendant in error was not an employer of the plaintiff in error in any of the extra-hazardous occupations mentioned in section 3, and plaintiff in error was not exposed to any of the dangers arising from such extra-hazardous occupations. Whether or not the defendant in error, as to any part of its business, was subject to the provisions of the Workmen's Compensation act, it was not subject to such provisions so far as the plaintiff in error was concerned." The pleas alleged that the deceased was injured while engaged in the line of his duty as an employee. It does not appear what his duties were, what he was doing or how he was engaged at the time. There are no facts from which it can be inferred that he was actually engaged in the course of his employment, much less that he was engaged in the supposed extra-hazardous occupations of either or both of his employers. It was essential to a good plea that it should appear that the deceased's employers were his employers in some one of the extra-hazardous occupations mentioned in section 3 of the act. Each of the pleas was defective in this respect, and the demurrers should for that reason have been sustained.

The judgment of the circuit court will be reversed and the cause remanded, with directions to sustain the demurrers to the pleas.

*Reversed and remanded, with directions.*