---

(No. 11956.—Reversed and remanded.)
C. B. GONES, Appellant, *vs.* J. G. FISHER, Appellee.

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*section 29 of Compensation act is not unconstitutional.* Section 29 of the Workmen's Compensation act, limiting an employee's right to a common law action for injuries occasioned by the neglect of a third party, does not violate the constitutional provision for due process of law, for neither an employee, his personal representatives nor next of kin have any vested right to recover damages for personal injuries to the employee that the legislature cannot at any time do away with by a public enactment. (*Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413, and *Friebel* v. *Chicago City Railway Co.* 280 id. 76, followed.)

2. SAME—*common law action under section 29 and claim for compensation may be prosecuted at same time.* Under section 29

of the Workmen's Compensation act, where the injury to the employee is occasioned by the neglect of a third party not under the act, the employee is not put to his election between compensation under the statute and damages at common law, but the common law action against the third party and the claim for statutory compensation may be prosecuted at the same time.

3. SAME—*section 29 of Compensation act does not limit damages to be recovered against third party not under the act.* Section 29 of the Workmen's Compensation act, allowing a common law action against a third party causing the injury where such party is not under the act, does not limit the damages that may be recovered but provides only for the indemnification of the employer out of the amount recovered.

4. SAME—*either employer or employee may bring common law action under section 29 of the Compensation act.* Under section 29 of the Workmen's Compensation act, where the injury to the employee is caused by a third person not under the act, there is but one legal cause of action against such party and it is for the common benefit and use of both the employer and employee, and either may prosecute the suit to final judgment and enforce collection.

5. SAME—*defenses of third party are the same whether he is sued in name of employer or employee.* Under section 29 of the Workmen's Compensation act, where the injury to the employee is caused by a third party not under the act, against whom a common law action for damages is brought, the defendant's defenses, if he has any, are the same whether he is sued in the name of the employer or of the employee, and payment of judgment in one suit will bar the other action.

6. PARTIES—*party having legal right of action may bring suit without showing for whose use.* The party in whom is the legal right of action may bring and maintain a suit, and it is not necessary that the record should show for whose use or benefit the suit is brought.

APPEAL from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

WALTER T. GUNN, and THOMAS A. GRAHAM, for appellant.

RALPH M. JINKINS, and LINDLEY, PENWELL & LINDLEY, (WALTER C. LINDLEY, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellant, C. B. Gones, began this action on the case in the circuit court of Vermilion county against appellee, J. G. Fisher, the Illinois Printing Company and Newton Shields for damages for personal injuries, charging in his declaration that while he was in the exercise of reasonable care for his own safety he was injured by the negligence of the defendants in operating an automobile. A verdict of $5000 was recovered by appellant, upon which judgment was entered. On appeal to the Appellate Court for the Third District the judgment was reversed, the court holding that there was no liability against the Illinois Printing Company and Newton Shields, and the cause was remanded for further proceedings against appellee. Upon re-instatement in the circuit court the suit was dismissed as to the defendants the Illinois Printing Company and Newton Shields and an amended declaration containing practically the same averments against appellee as were in the original declaration was filed against him alone. Appellee filed pleas of the general issue, the Statute of Limitations and five special pleas. Afterward he withdrew the plea of the Statute of Limitations, and thereupon the court overruled appellant's demurrer to the five special pleas. Appellant elected to stand by his demurrer. The court entered judgment in bar of the action, and the appellant has appealed directly to this court on the ground that the constitutionality of section 29 of the Workmen's Compensation act is involved.

Three of the special pleas alleged, in substance, that appellant at the time of his alleged injuries was employed by a co-partnership, Schmitt & Leachman; that both appellant and his employers had elected to be bound by the Workmen's Compensation act and were within its provisions and that appellee had elected not to be bound by that act; that appellant's injuries occurred in the course of and arose out

of his employment and were not proximately caused by the
negligence of his employers or their employees; that ap-
pellant had agreed to accept, and had accepted from his
employers for his injuries, the sum of $1000 under the
Workmen's Compensation act; that this action is not main-
tained in appellant's name by his employers, wherefore no
cause of action arose against appellee in favor of appellant
and he could not maintain the action, but any action for
his alleged injuries could be maintained or continued only
by his employers in their name or in the name of the ap-
pellant. The other special pleas contained substantially the
same averments as the first three special pleas, except that
they contained no averments that appellee had or had not
elected to come under the Workmen's Compensation act.

The pleas were based on sections 6 and 29 of the Work-
men's Compensation act, the first of which provides that
no common law or statutory right to recover damages for
injury or death sustained by an employee while engaged in
the line of his duty as such employee, other than the com-
pensation provided in the act, shall be available to any em-
ployee who is covered by the provisions of the act. That
section is qualified by section 29, which, so far as is ma-
terial to this case, reads as follows: "Where the injury
or death for which compensation is payable under this act,
was not proximately caused by the negligence of the em-
ployer or his employees and was caused under circumstances
creating a legal liability for damages on the part of some
person other than the employer to pay damages, such other
person having elected not to be bound by this act, then legal
proceedings may be taken against such other person to re-
cover damages notwithstanding such employer's payment
of or liability to pay compensation under this act, but in
such case if the action against such other person is brought
by the injured employee or his personal representative and
judgment is obtained and paid, or settlement is made with
such other person, either with or without suit, then from

286 — 39

the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or his personal representative: *Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for the recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act, and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability." (Hurd's Stat. 1917, p. 1466.)

It is contended by the appellant that if section 29 deprives employees of their right to recover from third parties who are not under the act for injuries caused by their negligence such a provision is not within the title of the act, as required by section 13 of article 4 of the constitution, and deprives appellant of his property without due process of law, contrary to the provisions of section 2 of article 2 of the constitution. Sections 6 and 29 were fully considered in the cases of *Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413, and *Friebel* v. *Chicago City Railway Co.* 280 id. 76, in which the same questions as to constitutionality were considered. It was held, in substance, after full consideration, that neither an

employee, his personal representative nor next of kin has any vested right to recover damages for personal injuries to the employee that the legislature could not at any time do away with by a public enactment, and that such objections to the validity of the act could not be sustained. In those two cases the employer, the employee and the third party whose negligence was alleged to have caused injury to the employee were all under the Compensation act. It was held in those cases that the Compensation act fixed the utmost measure of liability to the employee and that the employer was the only party directly liable to the employee, and that the employee could maintain no action whatever in his own name against the party causing his injury. It was further held that the common law right of the employee to sue for his injury against the party negligently causing his injury was in such a case transferred to his employer, and that the employer could maintain a suit against the party causing the injury by proving such common law right against such negligent party, but that the amount of such recovery could not exceed the amount that the employer was required to pay his employee under the Compensation act. In the *Friebel case* it was further held that the statute permitted the employer to sue the negligent party for such damages, where all three of them were under the Compensation act, as soon as the amount of the compensation for the employee was determined and fixed, whether paid in full by the employer or otherwise. The evident reason for such a provision in the statute was to prevent the running of the Statute of Limitations against the employer in his suit against the party causing the injury and to preserve to the employer the right to pay the compensation to his employee in installments, extending in many cases through years, as contemplated by other provisions of the Compensation act. As the right of the employer to sue the party causing the injury in such a case was given for remuneration to the employer for the amount he was

compelled to pay his employee for the negligent act of the party whose negligence caused the injury and to enable such employer to pay his injured employee out of the amount so recovered, it was further held in the *Friebel case* that such recovery was clearly for the use of the injured employee, and in case of insolvency or of the refusal of the employer to sue for such damages it was the right of the injured employee, after his right to compensation was fixed, to sue for such damages in the name of his employer for the employee's use and to so collect the same.

By the express provisions of section 29 above quoted, where the person by whose neglect the injury is caused has elected not to be bound by the act, as alleged in three of the pleas now under consideration, the common law right of action is preserved against him in full. In such case the employee is not put to his election between compensation under the Compensation act and damages at common law. The common law action and the claim for statutory compensation may be prosecuted at the same time. Said section does not limit the damages which may be recovered in the action at law to the amount of compensation allowed to the employee, but does provide for the indemnification of the employer out of the amount recovered. After the employer is thus completely indemnified the employee is entitled to the entire balance of the judgment recovered, if there is a recovery for more than is sufficient for such indemnification. The employer is given the right to sue for the entire damages, either in his own name or in the name of the injured employee, or he may continue any suit begun in the name of such employee after his liability for compensation is fixed or paid. The right of action is not otherwise modified by the Compensation act. The law action in such a case is continued and maintainable for the use of both employer and employee, for both are supposed to be, and are in fact, interested in the judgment. Each party has an actual and enforcible interest in the judgment

in cases where it is in excess of indemnity to the employer, and each party necessarily would have the right to enforce the collection of the judgment and the payment to himself of the portion thereof legally belonging to him. The party in whom is the legal right of action may bring and maintain a suit, and it is not necessary that the record should show for whose use or benefit the suit is brought. (*Atkins* v. *Moore,* 82 Ill. 240; *Schott* v. *Youree,* 142 id. 233.) There is but one legal cause of action, and it is for the common benefit and use of both employer and employee. By the express provisions of said section the suit may be maintained in either the name of the employee or that of the employer. The defendant's defenses, if he has any, are necessarily the same whether he is sued in the name of the employer or of the employee. A suit in the name of the employee and a judgment therein against the defendant would be a bar to another suit in the name of the employer for the same damages, whether the suit was, in fact, prosecuted and controlled by the employee or by the employer. It must necessarily follow, then, that either the employee or the employer may prosecute such a suit to a final judgment and force the collection of the same. The plaintiff must distribute the proceeds of the judgment between the employer and the employee in the proportion to which each is entitled. The court, on its attention being called thereto by the other party interested in the judgment, would be authorized to make such order as would insure the proper distribution of the judgment, but the division thereof is no concern of the defendant. Payment of the judgment by the defendant, if any should be recovered against him, would completely discharge him from all further liability.

The pleas in question stated no defense to appellant's declaration. The judgment is therefore reversed and the cause is remanded, with directions to sustain the appellant's demurrer.

*Reversed and remanded, with directions.*