## STAR BREWING CO. v. CLEVELAND, C., C. & ST. L. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. April 8, 1921.)

No. 2845.

Master and servant ⚙═398—Illinois Injuries Act limitation held inapplicable to "subrogated" employer's claim under Compensation Act against wrongdoer for workman's death.

Under Workmen's Compensation Law Ill. § 29, as amended (Hurd's Rev. St. 1917, c. 48, § 152), providing that, "Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employés, and was caused under circumstances creating a legal liability for damages in some person other than the employer, * * * such other person having also elected to be bound by this act, * * * then the right of the employé or personal representative to recover against such other person shall be subrogated to his employer, and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employé," such an action by the employer *held* founded on a new and independent right given by the act itself, to which the five-year statute of limitation is applicable, and not upon an assignment of a cause of action given by the state Injuries Act in favor of the employé which is subject to a special limitation of one year.

Alschuler, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action at law by the Star Brewing Company against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

P. K. Johnson and Louis E. Wangelin, both of Belleville, Ill., for plaintiff in error.

D. E. Keefe and S. W. Baxter, both of East St. Louis, Ill., for defendant in error.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

BAKER, Circuit Judge. In its declaration Star Brewing Company alleged that one of its employés, while duly engaged in his employment, was killed by reason of the railway company's negligent operation of a locomotive; that plaintiff and its said employé and also defendant were all subject to the provisions of the Workmen's Compensation Act of Illinois (Laws 1913, p 335); that under the operation of said Compensation Act plaintiff became liable to pay to the deceased's widow the

sum of $3,500; and that under the provisions of said Compensation Act defendant became liable to plaintiff for the same amount.

Defendant's plea in bar alleged that the employé's death occurred on December 19, 1916, and that the action by plaintiff was not begun until August 30, 1918, more than one year after the death. On the overruling of plaintiff's demurrer to this plea, plaintiff declined to plead over; and this writ of error challenges the consequent judgment.

Thus is raised the sole question: Is plaintiff's action founded upon a new right given by the Workmen's Compensation Act, or is it founded upon an assignment of a cause of action given by the Illinois Injuries Act (Hurd's Rev. St. 1919, c. 70) for wrongfully causing death?

We are of the opinion that the declaration is based upon a new and independent right of action created by the Workmen's Compensation Act, and therefore that five years is the only limitation of time that is applicable.

"An act to promote the general welfare of the people of this state by providing compensation for accidental injuries or death suffered in the course of employment within this state" is the title of the act, which alone is sufficient to indicate the general legislative intent to do away with the uncertainties and hardships commonly observed in personal injury suits, with their questions of contributory negligence, assumption of risk, and fellow servant, and their difficulties in the measurement of damages, and to substitute for the uncertainties and expense of such lawsuits, which had been borne by the employés in the state, a definite and easily ascertained and cheaply and promptly obtained compensation which should primarily be borne by the industry or industries in which the injury was inflicted and ultimately be borne by the public at large in sustaining the industries. But the act did not change the existing law as to any parties except employés and employers in the included industries.

This purpose, in our judgment, is completely and adequately accomplished by the detailed provisions and machinery of the act. But, as bearing directly on the sufficiency of defendant's plea, it is not necessary to set forth herein more than is embodied in the following sections:

"Sec. 6. No common-law or statutory right to recover damages for injury or death sustained by any employé while engaged in the line of his duty as such employé other than the compensation herein provided shall be available to any employé who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

Section 7. which prescribes the amounts payable for injuries resulting in death, makes the compensation payable to dependents in such shares as correspond to their respective degrees of dependency.

"Sec. 11. The compensation herein provided, together with the provisions of this act, shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in section three (3) of this act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employé arising out of and in the course of the employment according to the provisions of this act, and whose election to continue under this act, has not been nullified by any action of his employees as provided for

in this act." As amended by act approved June 25, 1917, in force July 1, 1917. Laws 1917, p. 505.

"Sec. 29. Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employés, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3) of this act, then the right of the employé or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employé. Where the injury or death for which compensation is payable under this act, was not proximately caused by the negligence of the employer or his employés and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employé or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employé or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employé or his personal representative: Provided, that if the injured employé or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employé or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employé or personal representative or in his own name against such other person for the recovery of damages to which but for this section the said employé or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employé or personal representative, all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act, and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability." As amended by act approved June 25, 1917, in force July 1, 1917. Laws 1917, p. 505.

Defendant's plea is based on the contention that the words "under circumstances creating a legal liability for damages in some person other than the employer to pay damages," and the word "subrogated," and the words "the damages sustained," indicate that the legal proceedings provided for in the first part of section 29, through which the employer may recover a judgment against the negligent third party, are legal proceedings based upon an assignment of the cause of action created by the Illinois Injuries Act for wrongful death, and that "the damages sustained" are the damages which the Illinois Injuries Act awards to the personal representative of the deceased. But this contention, in our judgment, is incompatible with the scheme of the act as a whole, and particularly with the above-quoted sections. By section 6 the right of any employé under the act, or his representative, to maintain a common-law or statutory action to recover damages against any employer under the act for injury or death sustained in the line of duty is explicitly abolished. Unless in some other portion of the act such right of action is revived, it must remain forever dead;

and it is contrary to rational thought to say that a suit can be maintained upon the assignment of a nonexistent thing. Section 7 conflicts with the idea that plaintiff's declaration is founded upon an assignment of a cause of action under the Illinois Injuries Act for wrongful death, because that section provides for an entirely different method of distributing the compensation among the dependents of the decedent. Section 11 is likewise inimical to defendant's contention because it limits the responsibility of every employer who is under the act to the amount of compensation determined under the schedules of the act by the Industrial Board.

Respecting the insistence that "the damages sustained," mentioned in the first part of section 29, are the damages admeasured in personal injury suits, it suffices to say that the Illinois decisions furnish an unequivocal denial. Keeran v. Traction Co., 277 Ill. 413, 115 N. E. 636; Friebel v. Chicago City Ry. Co., 280 Ill. 76, 117 N. E. 467; Gones v. Fisher, 286 Ill. 606, 122 N. E. 95. "The damages sustained" are the damages sustained by the employer in compensating his employé, on account of which he is entitled to sue the negligent third party for reimbursement.

As to the urge that the words "under circumstances creating a legal liability for damages in some person other than the employer to pay damages" and the words "the right of the employee or personal representative to recover against such other person shall be subrogated to his employer" mean that plaintiff's declaration is based on an assigned death claim, we are unable to find an answer in the Illinois decisions.

Looking to the historical evil that was intended to be remedied, to the declared purpose of the Legislature as set forth in the title of the act, to the act as a whole embodying a detailed scheme to effectuate the declared purpose, and to the familiar canons of statutory interpretation, we have no difficulty in solving the ambiguity which is created by defendant's emphasis upon the literalism of the quoted words and in finding the legislative intent to be as follows: If an injury to an employé while in the line of his employment is caused by a third party, and the employer, employé, and third party are all under the Workmen's Compensation Act, then, under section 29 of that act, the third party is liable to pay to the employer the amount of compensation awarded against him and in favor of the employé, provided the third party was guilty of negligence or a violation of some statute giving rise, prior to the adoption of the Workmen's Compensation Act, to an action for damages by the employé. This interpretation is adopted by us from the fourth paragraph of the syllabus in the Friebel Case, supra. If the text of that decision at all points unequivocally sustained the syllabus, there could be no debate concerning the Illinois construction of the Illinois legislation. But on page 86 of 280 Ill., on page 471 of 117 N. E., the following language appears:

"The word 'subrogated,' as used in that section, is more nearly equivalent to the word 'transferred' than perhaps any other word that might be used in its place. The meaning of that sentence is that the right of action of the employé against the third party causing the injury is transferred to his employer by operation of section 29."

But in thus furnishing a basis for defendant's insistence that there can be a transfer or assignment of a nonexistent thing, the court did not have before it or in mind the precise question that defendant is now presenting. And against this expression there are other parts of the opinion that should be balanced. For example, on page 85 of 280 Ill., on page 470 of 117 N. E.:

"If, on the other hand, the injury to the employé is caused by the negligence of a third party, or is caused under circumstances that would make the third party liable to the employé at common law for the injury, under section 29 the third party causing the injury must pay the compensation allowed to the employé under the statute if all three of them, the employé, the employer, and the party causing the injury, are bound by the provisions of the Compensation Act. * * * He is only bound, however, to pay the same sum of money as would be awarded to the injured employé against his employer under the Compensation Act."

And from page 87 of 280 Ill., and page 471 of 117 N. E.:

"We think it clear that the employer may at once, after the compensation is fixed under the Compensation Act in a proceeding by the employé against him, proceed in a suit against the third party who caused the injury and recover from such third party the amount payable under the Compensation Act by such employer to such employé without first having paid the employé the compensation awarded. The statute further intends by section 29 that the sum so recovered by the employer from the third party shall be for the sole use of such injured employé, although it may at the same time be reimbursement to the employer of the amount paid out by the employer by way of compensation for such injury."

We therefore entertain the view that the opinion in the Friebel Case, taken as a whole, supplies a just foundation for the fourth paragraph of the syllabus, whether prepared by the court itself or by the official reporter.

Confirmation of this construction of the first part of section 29 is afforded by comparing it with the last portion of the section which deals with the situation where the negligent third party is not under the Compensation Act. In such cases the negligent third party can, of course, only be sued on his pre-existent common-law or statutory liability, and this last portion of section 29 effectuates under certain circumstances a transfer or assignment to the employer of that cause of action—an assignment which otherwise would be against the common law of champerty. This last portion of section 29 therefore emphasizes the fact that the situation covered by the first portion, wherein employer, employé, and negligent third party are all under the act, is governed by the commands given without qualification in sections 6 and 11.

If Illinois had never adopted a "Lord Campbell's Act," and if Illinois had never had any common law of negligence, the Legislature could not have defined the "circumstances," under which the third party who is under the act is liable to reimburse the immediate employer of the injured employé, who are both also under the act, by reference to such pre-existent common-law and statutory liabilities. Under such assumptions, contrary to the facts, of course it would have been necessary for the Legislature, in order to carry out the purpose declared in the title to provide "compensation for accidental injuries or death suffered in the course of employment within this state," to give an inde-

pendent definition of the "circumstances." But, inasmuch as there already existed full definitions of the "circumstances" under which common-law and statutory liability would arise when the bill was introduced and when it was enacted into law, the means were at hand through which to define the "circumstances" by reference. Rights under contracts, conveyances, or statutes are not affected by the question whether all the terms, conditions, descriptions, and definitions are written out in full or are brought in by reference to previous contracts, conveyances, or statutes.

We are not unmindful of the rule that considerations of hardship cannot properly lead a court to broaden a statute beyond its legitimate limits so as to cover cases which the court may think are within the spirit of the act and have been inadvertently overlooked by the Legislature. But in the present case plainly there is no casus omissus, for the very case of employer, employé, and negligent third party who are all under the act has received the explicit attention of the lawmakers. Therefore the problem is solved by applying to the inept expressions in the first portion of section 29 the relevant canons of construction. Legislative intent is the polestar. Discovery of that intent is the object of all rules of interpretation. Here we think the applicable method is to study the act as a whole against the historical background of the evil to be cured, and to weigh the title and all of the provisions of the act with a view of harmonizing what might seem to be ambiguities or inconsistencies, if looked at only separately, into a rational whole that will accomplish the obvious and declared intention. To that end a court should not stick in the bark of literalism, but should penetrate to the sap of the spirit of the legislation. And we know of no better exposition of this attitude than is found in United States v. Kirby, 7 Wall. 482, 19 L. Ed. 278:

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the Legislature intended exceptions to its language, which would avoid results of this character. The reason of the law, in such cases, should prevail over its letter. The common sense of man approves the judgment mentioned by Puffendorf that the Bolognian law which enacted 'that whoever drew blood in the streets should be punished with the utmost severity' did not extend to the surgeon who opened the vein of a person that fell down in the street in a fit. The same common sense accepts the ruling, cited by Plowden, that the statute of 1 Edward II, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire, 'for he is not to be hanged because he would not stay to be burnt.'"

The judgment is reversed, with the direction to sustain the demurrer to the plea.

ALSCHULER, Circuit Judge (dissenting). I am unable to concur in the conclusion reached. The controlling question is clearly stated in the opinion to be whether the suit is upon a new cause of action created by the Compensation Law, or upon a cause of action arising under the Illinois Injuries Act, transferred to the initial employer by the operation of section 29 of the Compensation Act. If the latter, then concededly the condition in the Injuries Act that the action must be

begun within one year after the death would defeat this suit, since the Illinois cases strictly hold the one-year provision to be a condition upon which any right of action is given, and notwithstanding the cause of delay of a year in bringing suit, or the resultant hardship, there is no right of action if suit is not begun within the year. Bishop v. Chicago Rys. Co., 290 Ill. 194, 124 N. E. 837; Hartray v. Chicago Rys. Co., 290 Ill. 85, 124 N. E. 849; Carlin v. Peerless Gaslight Co., 283 Ill. 142, 119 N. E. 66. The federal courts follow this construction. Atlantic Coast Line v. Burnette, 239 U. S. 201, 36 Sup. Ct. 75, 60 L. Ed. 226; Davis v. Mills, 194 U. S. 451, 24 Sup. Ct. 692, 48 L. Ed. 1067; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358.

The first part of section 29 which gives authority for the action is:

> "Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employés, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, * * * then the right of the employé or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employé. * * *" Chapter 48, § 152b, Rev. Stat. Ill. (Hurd's 1917).

This provision, untouched by the wand of judicial construction, seems in itself so elementally plain that rearrangement or restatement could not further clarify it. There is a suggestion of impropriety, or at least of unusuality, in the employment of the word "subrogated"; but its intended meaning in the context wherein it appears is too obvious to import through its presence uncertainty or ambiguity into the section. But, if there were occasion for judicial interpretation of this word, it is afforded by the Illinois Supreme Court in Friebel v. Ry. Co., 280 Ill. 86, 117 N. E. 467, and Gones v. Fisher, 286 Ill. 606, 122 N. E. 95, which declare the quite self-evident proposition that "subrogated" in this connection means "transferred."

The majority opinion evidently proceeds upon the assumption that, unless section 29 be construed as creating a new cause of action in favor of the employer, for the recovery in any event against the guilty third party of the employer's full liability under the Compensation Law, the structure of the law as a "rational whole" will be seriously marred, and the legislation will fall far short of remedying the evil at which it was directed. This seems to me to involve a serious misconception of the object of the Compensation Law. This was not intended to invade and to change the entire domain of personal injury law, but its purpose was to lay upon industry the reasonable burdens arising from injuries sustained by employés during the course of the employment, regardless of whether under common or statutory law there arose a right of action for the injury; and to that end each and every employé (or his survivors in case of resultant death) sustaining injury in the course of his employment was entitled from his employer to speedy fixed and certain compensation proportionate to the extent of

injury, and right to all other relief against his employer was withdrawn.

To my mind, had section 29 not been included, the other sections would have been construed to have reference only to actions between employers and their employés, since logically the third party, whether employer or not, and whether coming within or without the act, occupies toward the employé of another employer a relation not different from his relation toward the public in general, and the measure of liability in case he injures such an employé logically should not be different than if injuring any other person not in his own employ. Of course, the latter part of section 29, providing for cases where the third party is not under the act, would very properly have been applicable to all cases, to the extent of enabling the liable employer under the Compensation Law to recoup himself against the wrongdoer out of any damages his employé may recover or be entitled to recover. But along comes the quoted part of section 29, which does not impose any additional burden or liability upon the guilty third party, or confer any benefit or advantage upon this stranger in interest whom he injures, but limits his otherwise full liability to such injured person to a maximum of the amount of the employer's liability under the Compensation Law, at the same time leaving with the alleged guilty third party every defense to the action which he theretofore had. This gratuitous limitation of the liability of the guilty third party in no respect furthers or aids the general policy and beneficent purpose of the legislation, but rather detracts from it by injecting this quite unrelated inequity; and, to my mind, the "historical background" of this legislation affords not the slightest aid in determining which of the two constructions was within the legislative intent, and gives no warrant for the contention that to follow strictly the wording of the clause would render it "incompatible with the scheme of the act as a whole."

I agree, of course, that all parts of a law must be construed together, and so far as possible be given force; but I do not follow the reasoning of the opinion to the end that the construction implied by the strict wording of the clause would conflict with sections 6, 7, and 11.

The opinion states that "since section 6 abolishes the employé's common-law and statutory rights of action for the injuries, such rights, unless revived elsewhere in the act, must remain dead." It cannot well be said that the Injuries Act, as applied to employés, met death at the hands of section 6 of the Compensation Act, and that through section 29 came partial resurrection of the dead. Under the well-stated canons of construction set out in the majority opinion, the two sections must be read together, with the result that common-law and statutory rights of action in the employé are withdrawn except to the extent that through the operation of section 29 they remain. But to the extent that they are excepted or saved by section 29 they are the same common-law or statutory rights as they were before the Compensation Law was enacted, which in the case at bar is none other than right of action under the Injuries Act.

The suggestion that section 7 is inimical to the theory of the survival and assignment of a cause of action given under the Injuries Act, be-

cause it limits the responsibility and provides for a new manner of distribution, finds answer in the fact that this is but a further limitation, or, by necessary implication, an amendment of the Injuries Act, in fixing the amount which may be recovered at a far less than the maximum of $10,000 as in the Injuries Act provided.

I cannot understand the contention that the Illinois Supreme Court has indicated the true construction of section 29 to be that a new right of action is given by the section. To my mind the reference in the Friebel Case to the right of the employer to recovery against the third party of "the amount payable under the Compensation Act" has little or no bearing upon the question, because there was not in the Friebel or the other Illinois cases any question as to the recoverable amount, i. e., whether it is in any event the amount of liability under the Compensation Act, or the amount which would be recoverable at law, not exceeding the employer's liability for the compensation; and there was no occasion for the court to investigate that question in determining issues before it.

The very fact that the section saw fit to employ the words "not exceeding the aggregate amount of compensation payable under this act by reason of the injury or death of the employé" would strongly indicate that, if there were cases where in the action at law a less amount would be recoverable against the third party by the one injured, the recovery by the employer would be likewise less than the extent of his liability under the Compensation Act.

To my mind, however, the Illinois cases, while not deciding the precise point in issue, are strongly indicative of the view of that court that section 29 means just what the words in my judgment naturally import. The Friebel Case, referring to the word "subrogated" as used in that section, says:

"The meaning of that sentence is that the right of action of the employé against the third party causing the injury is transferred to his employer by operation of section 29."

In the Gones-Fisher Case it was said, referring to the action there:

"The pleas were based on sections 6 and 29 of the Workmen's Compensation Act, the first of which provides that no common-law or statutory right to recover damages for injury or death sustained by an employé while engaged in the line of his duty as such employé, other than the compensation provided in the act shall be available to any employé who is covered by the provisions of the act. That section is qualified by section 29."

And, commenting upon the Friebel Case in its reference to instances where all parties were under the act, the Gones-Fisher opinion states:

"It was further held that the common-law right of the employé to sue for his injury against the party negligently causing his injury was in such a case transferred to his employer, and that the employer could maintain a suit against the party causing the injury by proving such common-law right against such negligent party, but that the amount of such recovery could not exceed the amount that the employer was required to pay his employé under the Compensation Act."

There is further significant inference to be drawn from the following sentence in that opinion.

"By the express provisions of section 29 above quoted, where the person by whose neglect the injury is caused has elected not to be bound by the act, * * * the common-law right of action is preserved against him in full."

These words carry the implication that in the cases where all parties come under the act the court considered the common-law right of action "preserved against him" (the third party), not "in full," but in part, viz. to the extent that the Compensation Act preserved it, and "subrogated," transferred, or assigned it to the employer, who might bring suit thereon; but, whatever the extent or quality of the action remaining, it is that or part of that which theretofore the common or statute law had authorized. Surely, if in these cases the precise questions had been as here, this language of the Illinois Supreme Court would have been decisive.

The contention that this part of section 29 is the creation of a new, and not the transference of an existing, cause of action may well be tested by the query: Suppose Illinois never had passed a "Lord Campbell's Act"; could it be contended that section 29 or any other part of the Compensation Law first created in the liable employer any cause of action for death of his employé occasioned wholly by the wrongful act of a third person also within the act? Manifestly not, unless indeed by some process of legerdemain under the guise of statutory construction we reach the fantastic extremity that section 29 is in itself a new Lord Campbell's Act for the first time giving right of action against one who wrongfully causes the death of another.

I call attention further to the words of the section which declare that "such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act." If the amount he was to recover was in any event to be the compensation for which he was liable, why make any use of the term "the damages sustained"? Clearly the words "the damages sustained" do not mean the same thing as "compensation." "The damages sustained" evidently refers to the previous words of the section, "creating a legal liability for damages in some person other than the employer to pay damages," meaning damages which would otherwise be payable to the person injured or his representative. In the employment of the terms "the damages sustained" and "compensation payable under the act" it will not be presumed they mean the same thing. Each must be given its meaning and force, and it would seem clear there could be no other purpose in the employment of these expressions, and they can have no other meaning, than that "the damages sustained" are the damages which but for the Compensation Act would have been recoverable by the employé or his representative.

To my mind the fundamental trouble here is with the probably harsh operation here of the Injuries Act, through its narrowly conditioned grant of right of action for causing wrongful death, which at times works injustice and hardship. But this involves legislation, not judicial action.

It was within the undoubted power of the Legislature to withdraw wholly all right of recovery in any and all persons against those wrong-

fully causing death. Keeran v. P. B. & C. Co., 277 Ill. 413, 115 N. E. 636. And sections 6 and 29 of the Compensation Law effected this in part.

It was clearly within the legislative power to have declared that, where a third party also under the Compensation Act wrongfully causes an injury or death, the liable employer shall in all cases have the right to recover against the third party the full amount of the compensation for which the employer became liable; and the extreme simplicity with which this could have been stated strongly militates against the conclusion that such legislative intent must be evolved out of a provision which upon its face is strikingly otherwise.

It was also within the full legislatve power to provide in its Compensation Law that, where all concerned are subject to it, and a third party wrongfully causes the death of another employé, there shall, by the operation of the act, be transferred to the liable employer whatever lawful right of action the employer or his personal representative would, but for the Compensation Law, have had, and whereon the liable employer may sue and recover the damages sustained through the injury or death to an amount not exceeding the employer's liability under the Compensation Law. This last they have enacted in terms in and of themselves plain and unmistakable, and I find nothing in the historical evil to be cured, or in the general scheme of the law itself, or in any of the other parts of the law, which, by any rules of statutory construction, would require or even suggest an interpretation different from that plain import of the language of section 29.

Whatever may be my view upon the unfortunate situation in which the plaintiff finds himself by reason of its delay, necessary or unnecessary, in the beginning of its suit, I believe that under the Illinois Injuries Act, which is the foundation of its right of action, this suit must fail because not brought within one year after the death.

The conclusion is to me unescapable that the judgment of the District Court was right, and should be affirmed.