## Chicago Surface Lines et al., Appellees, v. George Foster, Appellant.

### Gen. No. 30,576.

WORKMEN'S COMPENSATION—*release by injured employee of third person not under act negligently causing injury, as bar to recovery by employer under act of compensation paid pursuant thereto.* Where an employee, while in the course of his employment, without negligence on the part of himself, his employer or a fellow servant, sustains an injury proximately and solely due to the negligence of a third person not an employer and not under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.,* and the employer, being bound by that Act, pays to the employee the compensation therein provided, such employer has no right of action against such third person to recover the amount of compensation so paid, where the injured employee has released such third person from all liability in respect of such injury in consideration of the payment by such third person of the employee's hospital and doctor bills and a sum greatly in excess of the compensation paid by the employer.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed. Opinion filed May 25, 1926. Rehearing denied June 7, 1926.

MAX F. ALLABEN, for appellant; GEORGE W. LENNON, of counsel.

BUSBY, WEBER, MILLER & DONOVAN, for appellees; JOHN R. GUILLIAMS, FRANK L. KRIETE and HUBERT A. SMITH, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiffs paid Elmer Beilfuss, one of their conductors, $392 as the amount due him under the provisions of the Workmen's Compensation Act [Cahill's St. ch. 48, ¶ 201 *et seq.*] for compensation for personal injuries sustained by him while in their employ. Then

plaintiffs sued defendant, whose negligence caused the accident, to recover the amount so paid. The case was submitted to the court for trial without a jury and was heard upon a stipulation of facts. From a judgment in plaintiffs' favor, defendant appeals.

Plaintiffs' statement of claim is, in substance, as follows: That on September 24, 1923, plaintiffs were organized for the purpose of operating street railways, and were in possession of, owned and operated a street railway system with tracks in various streets in Chicago, over which they operated street cars for the carriage of passengers for hire; that Elmer Beilfuss was in their employ as a conductor on one of their cars running on North Avenue; that as said car was about to be driven into the car barn on that street, Beilfuss, in the course of his duties, got off the car for the purpose of throwing a switch to enable the car to run from the track on North Avenue into the barn; that after throwing the switch, he was about to re-enter the car to accompany the same into the car barn, and was in the exercise of due care and caution for his own safety, when defendant drove his automobile along North Avenue in such a negligent and reckless manner as to run against Beilfuss, "seriously injuring him and rendering him unable to attend to and perform his labor and work for these plaintiffs for a period of twenty-eight weeks"; that plaintiffs are bound by the Workmen's Compensation Act and that the conductor was also operating under that Act; that he notified plaintiffs of the injury and demanded compensation, and "because of said injuries and because of the provisions of said Workmen's Compensation Act, these plaintiffs were obliged to and did pay Beilfuss the sum of $14 a week for a period of twenty-eight weeks, during which period he was disabled from performing any labor"; that the accident and resulting injury were not caused by any negligence on the part of Beilfuss or of the plaintiffs or any of

their servants; ''wherefore, by reason of the payment of said sum of money under and by virtue of the terms and provisions of said Workmen's Compensation Act, and because of said negligence of said defendant,'' plaintiffs have been damaged in the sum of $392, the payment of which has been demanded of defendant and refused.

It was stipulated that plaintiffs and the conductor were both acting under and bound by the provisions of the Compensation Act, but that defendant is not an employer and is not under the act; that Beilfuss sustained injuries as the result of an accident which arose out of and in the course of his employment; that at the time of his injury he was exercising due care for his own safety and that his employers and fellow servants were not negligent, but that the injury was caused by defendant's negligence; that as a result of the injuries sustained by him, Beilfuss ''was unable to work for a period of twenty-eight weeks''; that defendant paid Beilfuss the sum of $1,500 and paid his hospital and doctor's bills and in consideration thereof received from Beilfuss a release from all liability on account of said accident, and that after due notice and demand upon the plaintiffs by Beilfuss plaintiffs paid him $392, ''which was the amount due him under and by virtue of the terms and provisions of said Workmen's Compensation Act, provided nothing had been paid to said Beilfuss by the defendant.''

Treating the suit as one arising out of the Workmen's Compensation Act, defendant contends that the only legal cause of action against defendant so stated and proved was extinguished when defendant paid Beilfuss more than $392 in settlement of all liability to him for injuries sustained by defendant's negligence, leaving plaintiffs with no cause of action against defendant, but with a cause of action against Beilfuss, under section 29 of the Compensation Act

[Cahill's St. ch. 48, ¶ 229], for $392 of the amount he had received in the settlement.

Plaintiffs meet this contention of the defendant by saying that defendant has misconceived the nature of the plaintiffs' suit; that plaintiffs are not attempting to recover under section 29 of the Compensation Act, and that "in their statement of claim the plaintiffs made no attempt to state, or by the stipulation of facts, to prove, a case under section 29"; that regardless of that section they have a right of action at common law against defendant "for damages they have suffered by reason of the compensation they were compelled to pay the employee injured through the sole negligence of the defendant," and that this suit was brought upon that theory. They argue that their suit is based upon two well established principles of the common law: First, the principle that a master has a right of action against a third party for any loss he may have sustained by reason of such third party negligently injuring his servant, and, second, the principle that a person who, without fault on his part, has been compelled to pay damages occasioned by the negligence of another, is entitled to indemnity from the latter.

The nature and purpose of a suit of the fourth class in the municipal court is to be found within the four corners of the document filed by the plaintiffs as their statement of claim. The statement of claim in this case states a cause of action under the second clause of section 29 of the Compensation Act, and we think defendant's counsel was fully justified in assuming therefrom that the suit was based upon that statute. However, the allegations in the statement of claim are also sufficient, perhaps, under a liberal construction of the same, and with all reasonable intendments in their favor, as a statement of a cause of action on the theory now suggested by their counsel. Assuming this to be true, and also conceding that the common law

principles relied on by defendant are well established, the question is presented, whether such common law rights of action were available to the plaintiffs after defendant paid to Beilfuss, in full settlement and release of all liability on account of the accident, several times the amount that plaintiffs paid him as compensation for his injury.

The second clause of section 29 of the Compensation Act, as construed in *Gones v. Fisher,* 286 Ill. 606, and *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244, recognizes and preserves the right of an injured employee, when both he and his employer are bound by the act and are free from negligence, to maintain a suit for damages against a third person negligently causing the injury, who is not bound by the act, and also provides, in effect, that in such case the employer is entitled to indemnification "from the proceeds of such cause of action" (as stated in the *O'Brien* case, *supra,* p. 256), or "out of the amount recovered" (as stated in *Gones v. Fisher, supra,* p. 612), for the compensation he is required by the act to pay, and that in such cases, the suit against the negligent third party may be prosecuted in the name of either the employee or the employer, but "in either case, for the benefit of both, in accordance with their respective rights." *O'Brien v. Chicago City Ry. Co., supra,* p. 256. The same section further provides that if a settlement is made by the injured employee with such third person, "either with or without suit," then "from the amount received by such employee * * * there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee." In the case last cited, it was held (p. 263) that by these provisions of section 29 an employer who is free from negligence is given a "means of indemnification" in the nature of a lien upon the claim which the injured person has against the person whose negligence caused the injury. There is but one legal cause of action, however,

in such case, against the negligent party, and a suit for damages against the latter in the name of the employee and judgment therein would be a bar to another suit brought by the employer for the same damages. *Gones v. Fisher, supra,* p. 613.

When, therefore, the conductor, Beilfuss, received from the defendant $1,500 in settlement and release of all liability on account of the accident (presumably without suit, for the stipulation is silent as to any suit having been brought), section 29 of the Compensation Act made it his duty to pay over to plaintiffs *out of that sum* "the amount of compensation paid or to be paid" by plaintiffs under the act for the same injury. If plaintiffs did not collect that amount from him at that time, it was no fault of the defendant, so far as appears from the stipulation. If Beilfuss still retains it, it does not belong to him and he is liable to plaintiffs for it as for money had and received for their use. The statute not only permits a suit to be brought by the injured employee in such cases, but also recognizes his right to make a settlement of his cause of action for negligence and directs him to pay over, or pay back, to his employer, out of the amount "received by him" in such settlement, the compensation paid, or to be paid, to him by his employer. Under the authorities mentioned, if either the plaintiffs or Beilfuss had brought a suit under the statute against defendant, and had obtained and collected a judgment for $1,500, such suit and judgment, and the proceeds thereof, would have been "for the benefit of both" Beilfuss and plaintiffs, "in accordance with their respective rights," and out of such proceeds plaintiffs would have been reimbursed for the amount sought to be recovered in this case. If that had been done, the common law rights of action now relied on by plaintiffs would have been extinguished and discharged by the satisfaction of the judgment. Precisely the same effect must be given, we think, to the settlement that

was made by Beilfuss. By force of the statute, such settlement was for the benefit of both Beilfuss and plaintiffs, and by such settlement, all claims of both against defendant on account of the injury to Beilfuss were as fully paid and satisfied as if defendant had paid and satisfied a judgment obtained against him for damages for the same injury. To permit the plaintiffs to recover after such a settlement would be not only to disregard the plain language and manifest purpose of the statute, but, in effect, would compel defendant to pay twice for the same injury. It is no answer to this to say that at common law a master who had lost the services of a servant by the carelessness of another, or had been obliged to expend money on that account, had a cause of action against the negligent party irrespective of the servant's cause of action, for the reason that no such loss or expenditure is either alleged or proved in this case, where the only loss, expense or damage to the master is the amount paid under the Compensation Act which was payable regardless of any question of negligence. On the other hand, no possible injury or injustice can come to anyone from holding, as we do, that under the stipulated facts in this case the settlement was a bar to the present action.

For the reasons stated, the judgment is reversed.

*Reversed.*

BARNES, P. J., and GRIDLEY, J., concur.