## Harold Cornwell, Appellee, v. Bloomington Business Men's Association et al., Appellants.

1. DEPOSITIONS—*statute as to taking upon oral interrogatories construed.* A co-plaintiff or co-defendant cannot elect to have depositions taken upon oral interrogatories where notice has been given to take them upon writen interrogatories; only the opposite party is entitled to make this election.

2. NEGLIGENCE—*when joint liability established.* *Held*, under the evidence, that the joint liability of the defendants who had given a public display of fireworks upon the fourth of July, was sufficiently established.

3. NEGLIGENCE—''*accident*'' *defined.* An accident, as defined by legal authorities, for which no liability exists is one which is the result of an unknown cause or is the result of an unusual and unexpected event happening in such an unusual manner from a known cause that it could

not be reasonably expected or foreseen and that it was not the result of any negligence.

4. NEGLIGENCE—*what does not absolve from liability.* The fact that a public display of fireworks was conducted upon a public square of a city upon a national holiday, does not. absolve those who conduct such display from liability for damages where injury results from negligence.

5. INSTRUCTIONS—*predicated upon evidence.* Instructions must be predicated upon some evidence in the cause.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911. Rehearing denied October 24, 1911.

LIVINGSTON & BACH and JOHN C. POLLOCK, for appellants.

DE MANGE, GILLESPIE & DE MANGE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by Harold Cornwell, by his next friend, against the Bloomington Business Men's Association, Paul F. Beich Company, and St. Louis Fireworks Company, by reason of an injury received by plaintiff while attending a display of fireworks on the evening of a Fourth of July celebration held upon the ground known as the Court House Square in the city of Bloomington, Illinois. The trial below resulted in a judgment against all of the defendants for $1,000, and it is to reverse that judgment that this appeal is prosecuted by defendants.

The facts as disclosed by the record show that a number of business men of the city of Bloomington were organized and known as the Bloomington Business Men's Association, that this Association determined to have a celebration and display of fireworks in the city of Bloomington on the Fourth of July, 1908. For the purpose of carrying out this display of fire-

works, the Bloomington Business Men's Association purchased from the Paul F. Beich Company the fireworks necessary for the celebration; the Paul F. Beich Company was engaged in the confectionery business in the city of Bloomington and the fireworks for the celebration were furnished to it by the St. Louis Fireworks Company; representatives of all three of the defendants were present, participated in, and assisted in the arrangement, management, and display of these fireworks.

Permission was obtained by the Paul F. Beich Company from the sheriff of McLean county to have the display upon the Court House Square; a stand or rack was erected for the purpose and ropes were stretched from the northwest corner of the Court House to various points upon the square, and an attempt was made to keep the populace and crowd back of these ropes for the purpose of safety; various policemen of the city of Bloomington and deputy sheriffs were present for the purpose of keeping the crowd back of these ropes, but the crowd forced itself over the ropes and the ropes were soon tramped down and held upon the ground.

The plaintiff came as a spectator to see the display; when he arrived the spectators had crowded into the enclosure over the ropes and he was not aware of the ropes having been placed. He came through the crowd and took a seat upon the lawn, some twelve or fifteen feet from the point where the fireworks were being ignited. While he was seated upon the lawn, a sky rocket which had been placed upon the rack for firing, after having been ignited, fell from the rack to the ground; the explosion of the rocket caused it to be forced along upon the ground, the crowd attempted to avoid its course, but before the plaintiff could arise it struck him in the leg, breaking his leg and causing a very painful injury.

Defendants insist upon a reversal of the judgment,

urging that the display being a popular Fourth of July celebration and one being participated in by everybody present, that all who came as spectators assumed all risk of an injury; that the celebration being in commemoration of a national holiday and one generally endorsed and participated in by the general public, the defendants would not be liable unless the injury was wilful; that there is no joint liability in this case, that the verdict is not warranted by the evidence and that the court committed various errors in its rulings upon the trial. It is also contended that the court erred in not suppressing the deposition of W. D. Slagle taken at the instance of the St. Louis Fireworks Company, one of the defendants. Notice was served to take this deposition upon written interrogatories which were filed. The co-defendants served notice upon all parties that they elected to have the deposition taken upon oral interrogatories but notwithstanding this notice of election to have the deposition so taken, a *dedimus* was issued and the deposition taken upon the written interrogatories. Whether these defendants joined and filed written interrogatories is not disclosed, except that the court might go to the record to ascertain that fact. The Paul F. Beich Company and the Bloomington Business Men's Association insist that under the section of the statute which provides that where notice is served to take a deposition upon written interrogatories the opposite party may elect to have it taken upon oral interrogatories, that the deposition was improperly taken and should have been suppressed.

These defendants do not come within the definition of opposite parties under this statute; the reasonable construction of the statute is that by opposite party is meant a party upon the opposite side of the action, and not a co-defendant or co-plaintiff; if these defendants desired to have a deposition taken upon oral interrogatories they could have served notice and had same

taken as their own deposition; the Circuit Court did not err in refusing to quash the deposition for this reason.

The celebration was originated by the Bloomington Business Men's Association, it was through the Paul F. Beich Company that the fireworks were secured and the St. Louis Fireworks Company assisted in the discharge of the fireworks. Each of these parties was present and took part in the display, management, or control of the celebration by parties who did and were authorized to represent them in that capacity. The representatives of the Paul F. Beich Company placed the rocket which caused the injury upon the rack, the rocket was not securely fastened or placed in position and by reason thereof fell to the ground; while it was in such insecure position upon the rack it was ignited by the agent and representative of the St. Louis Fireworks Company; and the Bloomington Business Men's Association were the parties who originated and carried on this celebration. The question as to whether or not each or all of the defendants contributed in any manner or were jointly engaged in the carrying on of the celebration were questions of fact to be determined by the jury, and by their verdict they have determined this question adversely to the contention of the defendants, and unless their verdict is clearly against the manifest weight of the evidence it should not be disturbed by this court, and we are of the opinion that the verdict is fully warranted by the evidence.

The evidence produced is sufficient to justify the verdict of joint liability. While denying their joint liability defendants offer no evidence whatever tending to show how the various parties, representatives or agents of these defendants, came to be or were in the discharge of this work during this celebration, and neither do they offer any evidence to show that the accident was caused in any manner different from that disclosed by plaintiff's evidence. The record further

discloses that defendants knew and had every reason to believe that they would be responsible for any accident or injury that might occur.    They took the precaution to discharge a man who was expected to officiate at this celebration because he was intoxicated and secured another man to act in his place.

Upon the contention of contributory negligence, the celebration was one planned and carried into execution by defendants; the general public was invited to witness it; plaintiff came as one of the spectators; the fact that he came and sat upon the ground in close proximity to the place where the fireworks were ignited was not of itself contributory negligence, neither can it be said as a matter of law that because he crossed over the rope that this was contributory negligence.    The question of contributory negligence was one of fact for the jury to determine from all the evidence.

The sky rocket that caused the injury was placed on a hook or nail in a rack constructed by the Bloomington Business Men's Association for the purpose of the exhibition; it was placed there by one Slagle, an employe of the Paul F. Beich Company, and was lighted by one White, a representative of the St. Louis Fireworks Company; after being ignited it fell from its place on the rack to the ground.

It cannot be seriously contended that if there was negligence in the construction of the rack, or in placing the sky rocket in an insecure place on the rack, that the defendants would not be liable for an injury by reason thereof.

This was a public display of fireworks conducted by defendants upon a public squire in a populous city and the mere fact that it was a celebration of a national holiday cannot absolve the parties conducting it from liability where negligence in the management, control or execution of the exhibition is the cause of any injury.    The jury was fully warranted in finding the injury was caused by negligence of defendants.

It is insisted that the injury was caused by a mere accident, without any fault or neglect on the part of the defendants and that by reason thereof defendants are not liable, and that the court erred in refusing to give an instruction based upon this contention.    An accident, as defined by legal authorities, for which no liability exists is one which is the result of an unknown cause or is the result of an unusual and unexpected event happening in such an unusual manner from a known cause that it could not be reasonably expected or foreseen and that it was not the result of any negligence.    While a party is entitled to have an instruction upon its theory of the case, the instruction must be either based upon some evidence or by reason of lack of evidence in the case, and where the evidence discloses such a condition as to leave no basis upon the evidence for the theory to exist, then refusal of such instruction is not error; there is nothing in this record upon which to base the instruction offered.

It is also insisted that the court erred in refusing to give peremptory instruction upon motion of each and all of the defendants herein as requested.    To have given this instruction would have required the court to have considered and weighed the effect of the evidence, and where this is necessary it is error to give a peremptory instruction.    A careful examination of the criticism made of the instructions by defendants discloses that the jury was fairly and properly instructed, that there is no reversible error in any of the instructions given, and the defendants have not been prejudiced by reason of the giving of the instruction complained of.

The verdict is fully warranted by the evidence, and the judgment below is affirmed.

*Affirmed.*