Alex Peters, Plaintiff in Error, v. James Madigan, Defendant in Error.

Gen. No. 8,246.

418

Opinion filed September 4, 1931.

Frank E. Maynard, for plaintiff in error.

Welsh & Welsh, for defendant in· error.

Mr. Justice Jett delivered the opinion of the court.

This suit was instituted by Alex Peters, hereinafter referred to as plaintiff, against James Madigan, for convenience called defendant, for personal injuries and damage to an automobile growing out of a collision. A jury trial was had with a finding in favor of the defendant. Motion on the part of the plaintiff for a new trial was by the court denied, and this writ of error was sued out.

The declaration consists of two counts. In the first it is averred that the defendant negligently and carelessly ran, drove, managed and controlled his automobile so that by and on account of said negligence and carelessness of the defendant, the automobile of the defendant ran into and struck the automobile which plaintiff was then and there driving and then and thereby seriously and permanently injured the plaintiff in and about his head, body and limbs; in the second count it is averred that the defendant negligently and carelessly ran, drove, managed and operated said automobile so that by and on account thereof the automobile of defendant ran into and struck with great force and violence the automobile in which plaintiff was then and there driving and then and thereby caused great damage to the automobile of the plaintiff.

To the declaration the defendant pleaded the general issue. On the trial Peters, the plaintiff, testified that he lived in a suburb north of Rockford, Illinois, and was on his way home at about 11:30 at night driv-

ing north on a north and south hard surfaced highway known as North Second Road, and that he was driving at about 30 miles per hour; that he was on the right-hand side of the road or east side of the north and south road, going north, when the automobile belonging to the defendant approached from the north on the left-hand side of the road, being the east side of the north and south road; that when the defendant's automobile got within 200 or 300 feet of the plaintiff's automobile it was still on the east side of the road and plaintiff tooted his horn three times as a signal to the defendant to get over on the proper side of the road but the defendant kept coming south on the left-hand side of the road. The plaintiff further testified that as he was going north the defendant kept coming straight ahead "so instead of running into his car I thought maybe I could pass him by getting on the other side of him but I couldn't do it; he struck me on my right-hand side fender and I tipped over. His car was on the east side of the road going south. Mine was on the west side. It was not raining or slippery that night. No ice nor snow on the roadway. The first finger of my right hand was cut and I had four ribs broken. I had a 1926 Hudson. It was in first class running condition and in good working order. My automobile was totally wrecked. There was a ditch about four feet deep at the east side of the road and on the other side the ditch was probably a foot and a half deep."

A witness by the name of Murphy called by the defendant testified that he was driving an automobile about 250 feet back of the car of the defendant at the time of the collision; that the defendant's car was traveling in about the center of the road; that the road is sort of crested or rounded; that the left-hand wheels of the defendant's car were about the center of the road possibly a foot or so over the center; that

he, Murphy, saw the plaintiff's car coming on the right-hand side or east side of the road; that the plaintiff's car was on the east side of the road coming from the south towards the north traveling about 35 miles per hour; that as the cars came together the plaintiff's car swerved to the west side or left-hand side of the road and tried to pass around the defendant's car coming from the north and that the cars came together, the right-hand side of the defendant's car striking the right front side of plaintiff's car and plaintiff's car turned over on the west side of the road.

The defendant James Madigan testified that he was driving south on the north and south road about 25 or 30 miles per hour and that the road is a tarvia road crowned in the center; that his left-hand wheels were on the crown of the road; that he was driving on the west side of the road; that the plaintiff was traveling a good deal the same as he was with his left-hand wheels on the crown of the road; that the plaintiff's car did not slack up but kept coming right on; that as the cars came closer together defendant attempted to pass around on his left-hand side or the east side of the road; that the collision occurred at about the center of the road; that the right front tire of the right front wheel was struck and punctured on the defendant's car. On cross-examination the defendant testified he saw the headlights of the plaintiff's car and that they were both lit; that on the west side of the roadway there was a gradual incline or grassy spot along the road; that there is no drop off on the west side of the road and that he traveled the road once or twice a week; that he turned sharply to the east and saw the plaintiff turn also to the east; that he must have started to turn to the east before the plaintiff started to turn towards the east.

Mable Ward, who was riding in the car with the defendant, testified in his behalf that she saw the

lights of the plaintiff's car coming about a half a block away; it appeared to be in the center of the road; it appeared to be in the center of the road until it got close to us; that the plaintiff's car turned abruptly towards the east; that the defendant turned his car abruptly towards the east; that the defendant's car struck the plaintiff's car on the right-hand side.

Esther Bursick was riding with Murphy and testified on the part of the defendant that the defendant's car was in about the center of the road going south; that the wheels on the left-hand side of the defendant's car were probably a little over the center; that the plaintiff's car was coming from the south towards the north on the right-hand or east side of the road; that when the cars got near together the plaintiff swerved his car to the left-hand side of the road.

It is the contention of the plaintiff that in view of the state of the record, the court gave instructions on the part of the defendant that were misleading and erroneous.

We have carefully examined the evidence as disclosed by the record and find that upon the material questions of fact involved in this cause the testimony is conflicting. If the evidence is conflicting upon the material questions of fact then the rule is, that unless it shall appear that the instructions to the jury given on behalf of the successful party stated the law with accuracy and were free of all error calculated to mislead the jury, the judgment must be reversed and the cause sent back for a new trial. *Lake Shore and Michigan Southern R. Co. v. Elson,* 15 Ill. App. 80, 83; *Chicago & Alton R. Co. v. Murray,* 62 Ill. 326; *Volk v. Roche,* 70 Ill. 297; *Wabash R. Co. v. Henks,* 91 Ill. 406; *Ruff v. Jarrett,* 94 Ill. 475; *Swan v. People,* 98 Ill. 610.

It is the contention of the plaintiff that instructions 3, 4, 5, 7 and 16 given on behalf of the defendant must be read in the light of the explanation and definition of the word "accident" as used in the said fourth

instruction. It is said that each instruction refers to the collision as an accident and the jury was misled thereby, and that instruction 16 is otherwise erroneous. Instructions 3, 4, 5, 7 and 16 are as follows:

"3. If the jury believe from the evidence that the injury complained of and the damage resulting to the plaintiff in this case was the result of a mere accident and a collision between automobile driven by the plaintiff and the defendant James Madigan, without any negligence on the part of said defendant contributing to the said injury and damage, then the jury should find for the defendant.

"4. The jury is instructed that the word 'accident' as used elsewhere in these instructions means an occurrence or event which happened without the fault of any person and without any negligence, or an event happening unexpectedly and without fault, or a casualty which could not be prevented by ordinary care and diligence.

"5. The Court instructs the jury that if they believe from a preponderance of the evidence that the plaintiff Alex Peters, at the time of the accident in question in this case, was driving his car at a greater speed than was reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person, at or about the time of the accident in question, and if you still further believe from the evidence that the said driving by the said plaintiff Alex Peters of his automobile at such a speed was negligence and contributed in any manner to the injury and damage complained of in this case, then you are instructed that there can be no recovery against the defendant.

"7. The Court instructs the jury that the mere happening of the accident, together with proof of the exercise of the degree of care by the plaintiff Alex Peters, as defined in these instructions, does not raise

a presumption of negligence on the part of the defendant. The Court further instructs the jury that the burden of proof is not upon the defendant to show that he is not guilty of specific negligence charged in the declaration, but the burden is upon the plaintiff in this case to prove that the defendant was guilty of such negligence and this rule as to the burden of proof is binding in law and must govern the jury in deciding this case. The jury has no right to disregard said rule or adopt any other in lieu thereof, but in weighing the evidence and coming to a verdict the jury should apply said rule and adhere strictly to it. No presumption that the defendant was negligent arises from the mere fact that the accident happened.

"16. The Court instructs the jury that if they believe from a preponderance of the evidence that as the plaintiff's car and the defendant's car approached each other on the North Second road, and that the plaintiff's car was on the east side of the said road running in a northerly direction, and the defendant's car was also on the east side of the same road running in a southerly direction, and you further believe that the plaintiff Alex Peters in fact observed and saw the said defendant's car coming south on the east side of the said road, 350 feet or more to the north, and that the said plaintiff did not stop, but continued in a northerly direction on the east side of said road; and, further, that the said plaintiff took no steps to avoid colliding with the defendant's car and failed to exercise that degree of care and caution that a reasonably prudent man would have done under the circumstances, and the accident in question thereby occurred, you are instructed that the plaintiff, as a matter of law, was guilty of contributory negligence and your verdict should be for the defendant."

If the collision occurred as the result of negligence then it was improper to give instructions three and

four. The collision that resulted in injury to the plaintiff and his automobile was the result of negligence and the negligence was that of either the plaintiff or the defendant. There is no evidence in the record that tends to show that the collision was the result of an accident. There must be evidence on which to base an instruction. The cause was not tried upon the theory that the collision was the result of an accident. Instruction two indicates the position assumed by the defendant on the trial in the circuit court. Instruction two is as follows:

"2. The Court instructs the jury that before the plaintiff Alex Peters can recover in this case he must prove by a preponderance of the evidence the two following propositions:

1. That at the time of the accident the plaintiff Alex Peters was in the exercise of ordinary care and caution for his own safety.

2. That the defendant James Madigan was guilty of some negligence which contributed to the injury and damage complained of by the plaintiff in this case.

If the plaintiff fails to prove either one or both of these propositions by a preponderance of the evidence, then your verdict must be for the defendant."

In *Cornwell v. Bloomington Business Men's Ass'n,* 163 Ill. App. 461, the court defined the meaning of the word "accident." In the *Cornwell* case a skyrocket was fired at a Fourth of July celebration and a spectator was injured. It was insisted that the injury occasioned to Cornwell by the explosion of the skyrocket was a mere accident and the court in its opinion at page 467 said: "It is insisted that the injury was caused by a mere accident, without any fault or neglect on the part of the defendants and that by reason thereof defendants are not liable, and that the court erred in refusing to give an instruction based upon this contention. An accident, as defined by legal au-

thorities, for which no liability exists is one which is the result of an unknown cause or is the result of an unusual and unexpected event happening in such an unusual manner from a known cause that it could not be reasonably expected or foreseen and that it was not the result of any negligence. While a party is entitled to have an instruction upon its theory of the case, the instruction must be either based upon some evidence or by reason of lack of evidence in the case, and where the evidence discloses such a condition as to leave no basis upon the evidence for the theory to exist, then refusal of such instruction is not error; there is nothing in this record upon which to base the instruction offered.''

We are of the opinion that instructions three and four should not have been given. Said instructions are not applicable to the facts in the case and had to do with the question of the collision being a mere accident. It is not insisted by either the plaintiff or defendant that the collision was the result of an accident. Instruction number seven also uses the word ''accident'' but we believe that taking this instruction as a whole the plaintiff was not seriously injured by the giving of the same.

Instruction 16 states among other things that if the jury ''believe that the plaintiff Alex Peters in fact observed and saw the said defendant's car coming south on the east side of the said road, 350 feet or more to the north, and that the said plaintiff did not stop, but continued in a northerly direction on the east side of said road; and further, that the said plaintiff took no steps to avoid colliding with the defendant's car and failed to exercise that degree of care and caution that a reasonably prudent man would have done under the circumstances, and the accident in question thereby occurred, you are instructed that the plaintiff, as a matter of law, was guilty of contributory negligence

and your verdict should be for the defendant." This instruction is bad because it told the jury what amounted to negligence which was a question for 'the jury to determine. The instruction clearly invades the province of the jury. Furthermore the effect of this instruction is to tell the jury that the defendant could drive down the road on either side to suit himself having no regard for any other person rightfully upon the highway and if the other person did not stop or get off of the road to avoid a collision and injury that the plaintiff would be guilty of contributory negligence and the defendant would not be guilty. The instruction calls attention to particular facts in the testimony on one side and omits any reference to certain facts shown on the part of the plaintiff.

In *Scott v. Snyder*, 116 Ill. App. 393, an instruction is erroneous which singles out and gives undue prominence to certain facts while ignoring other facts proven of equal importance in a proper determination of the case.

In *Tanner v. Clapp*, 139 Ill. App. 353, at page 354 it is said: "An instruction which purports to summarize the principal facts is erroneous where it directs the attention of the jury only to those facts which are favorable to one of the parties."

We are of the opinion that the giving of instruction 16 constituted reversible error. There are other instructions criticized but in view of what we have said it is not necessary to discuss them in this opinion.

We conclude, therefore, that the judgment of the circuit court of Winnebago county should be reversed and the cause remanded for a new trial, which is accordingly done.

*Reversed and remanded.*