## Letah Scott, Appellee, v. John Vurdulas, Appellant.

496

Opinion filed February 1, 1932.

VIRGIL W. MILLS and W. T. BONHAM, for appellant.

CREIGHTON & THOMAS, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Appellee brought suit in the circuit court of Wayne county against appellant to recover damages for injuries sustained through an automobile accident on the evening of July 3, 1930. Upon the trial there was a jury verdict for appellee in the sum of $1,300. Motion for a new trial was overruled, and judgment rendered on the verdict. Appellant by this appeal seeks a reversal of such judgment.

On the night in question, at about the hour of nine o'clock, appellee was riding in an auto, driven by her husband, upon a paved State highway in the City of Fairfield. At the intersection of such highway with East Sixth street, the car in which appellee was riding collided with another car driven by appellant, as a result of which she sustained some severe injuries. It appears that this State highway, which runs in a generally easterly and westerly direction, curves slightly before it intersects East Sixth street, which extends north and south.

At the time appellant's car was coming easterly along the State highway, and the car in which appellee

was riding was traveling westerly upon said highway, at its intersection with East Sixth street, appellant, after giving a signal of his intention, turned to go north on East Sixth street, when the cars collided.

The testimony tends to show that appellant's car, before it reached the intersection, was traveling about 15 miles per hour, and that the speed of the other car was estimated by the various witnesses as being from 15 to 35 miles per hour. The testimony on the part of appellee tended to show that her car had entered the intersection, and was about 15 or 20 feet from the car of appellant, when he started to make the turn. The evidence of Verdulas was to the effect that the Scott car, at the time he turned north, was some distance from the east side of the intersection. Both cars had their lights burning at the time, and the pavement was dry.

One of the principal questions in the case was in relation to which car had the right of way at the time of the accident. The court, at the instance of appellee, gave to the jury the following instruction:

"You are instructed that upon state paved roads having two traffic lanes, the person on the right-hand side of the center line of said pavement has the right of way on that traffic lane."

Appellee insists that this is in the language of the statute, and hence was a correct and proper instruction.

The section of the statute upon which it is based, Cahill's St. ch. 121, ¶ 161(2) (sec. 161-B, ch. 121, Smith-Hurd Statutes, 1931), provides that upon such State paved roads having two traffic lanes, every person driving a vehicle shall, whenever practicable, keep to the right of the center line of the paved portion, and shall have the right of way on that traffic lane. It further requires that no such vehicle shall be stopped on such hard surfaced highway, or be allowed to stand in such position that there is not ample room

for two vehicles to pass upon the road; nor that any person should unload his cargo or transfer it from one vehicle to another upon such highway, except in case of emergency.

This section does not attempt to define or prescribe the right of way at highway intersections. Its application is to other situations. The instruction, based thereon, had no proper place in the case, and should have been refused. Moreover, even if the purpose of the statute was to define the right of way at intersections, the authorities hold that the giving of such an instruction in the statutory language, without qualification as to circumstances, distance or speed, is error. *Riddle v. Mansager*, 254 Ill. App. 68, and cases cited.

Appellant asked the court to give the following instruction:

"The court instructs you that if you believe from the evidence in this case that the defendant, at and prior to the accident in question, acted as a reasonable and prudent man would have done and acted under the circumstances, and did nothing and omitted nothing which a reasonable and prudent man would have done or omitted under like circumstances, then the defendant is not guilty of negligence and you should find him not guilty."

We think this instruction stated a correct principle of law, which was not embodied in any given instruction, and that the court erred in refusing same.

The testimony in the case was conflicting upon the essential elements of right of way and the negligence of appellant. It was therefore important that the jury be correctly instructed as to the law of the case bearing upon such questions.

For the errors in the giving and refusal of such instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*