**Allied Mills, Inc., Plaintiff-Appellant, v. Harry Miller, Defendant-Appellee.**

**Gen. No. 10,037.**

Third District.
February 14, 1956.
Rehearing denied March 14, 1956.
Released for publication March 14, 1956.

McMillen, Garman & Owen, of Decatur, for plaintiff-appellant.

Hershey and Bliss, and Rolland F. Tipsword, all of Taylorville, for defendant-appellee.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

Allied Mills, Inc., the appellant, brought suit in the Circuit Court of Christian County against the appellee, Harry Miller. A trial was had by jury and a verdict returned of not guilty. Judgment was entered thereon, and the appellant has appealed to this court. In order

to properly consider the questions raised a statement of the salient facts should be made.

Francis Hanauer, an employee of the plaintiff, Allied Mills, Inc. was struck and injured by a truck driven by Julius Collebrusco, an employee of Harry Miller on September 3, 1946. Collebrusco was engaged in trucking soy beans from two of appellant's plants in Taylorville, Illinois, on the morning in question. On one trip he brought Hanauer a wrench at the latter's request. Hanauer took the wrench and walking in the direction that Collebrusco's truck was headed proceeded a short distance ahead of the truck and then disappeared to the right around the circular end of a cement building used for the storage of grain. Collebrusco started his truck and followed a route substantially the same as that taken by Hanauer. As he rounded the circular end of the building it was necessary for him to make a sharp, right turn and to drive his truck with a box eight feet wide across a platform only eleven feet six inches in width, which was immediately adjacent to the storage bin. As Collebrusco started his right turn, he saw Hanauer in front of him but looked away in order to negotiate the narrow passage. As he drove across the platform his truck struck Hanauer crushing him against the building and injuring him severely. Hanauer brought proceedings under the Workmen's Compensation Act against Allied Mills, the appellant here, and received a substantial award. That company in this suit begun in the Circuit Court of Christian County seeks to recover from defendant, Harry Miller, Collebrusco's employer, the amount of this award and further damages on behalf of Hanauer totalling $50,000. As noted above the cause was tried by a jury which returned a verdict for defendant and judgment was accordingly entered thereon.

■ ■ Appellant complains of certain instructions given by the court at the appellee's request were improper. The first objection is to Instruction No. 20,

89

which stated: "You are instructed that if you find from a preponderance or greater weight of the evidence that at or immediately prior to the time of the accident in question, Francis Hanauer failed to exercise the same degree of care for his own safety which a reasonably prudent person would have exercised under like or similar circumstances and that Francis Hanauer was guilty of contributory negligence, as defined in these instructions, then you should find the issues in favor of the defendant, Harry Miller." Appellant contends that this is a peremptory instruction and as such must contain all the necessary elements in and of itself upon the principle upon which it purports to instruct. (Illinois Iron & Metal Co. v. Weber, 196 Ill. 526; Hanson v. Trust Company of Chicago, 380 Ill. 194; Duffy v. Cortesi, 2 Ill.2d 511.) It further contends that this instruction failed to inform the jury that even if Hanauer was guilty of contributory negligence, such negligence must have been the approximate cause of Hanauer's injury before it could find the issues in favor of the defendant. (Consolidated Coal Co. v. Bokamp, 181 Ill. 9; Schmidt v. Anderson, 301 Ill. App. 28.) Appellee agrees that Instruction No. 20 is a peremptory instruction. He urges, however, that the rule advanced by the appellant demands only that all elements of fact be included in such instructions; that the element claimed by plaintiff to be omitted is one of law and is properly set forth in Instruction No. 13. Instruction No. 13 states: "Contributory negligence in this case is the failure by Francis Hanauer to use reasonable care for his own safety just before and at the time of the occurrence in question, which failure proximately contributes to cause the injuries which he sustained." We believe that appellee's interpretation of the cases cited by appellant is correct. In each of the instructions challenged therein an element of fact was either erroneously omitted or included. In the Weber

90

case, supra, the Supreme Court said at page 531: "It has always been held that where the court directs a particular verdict if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict. It is not required that one instruction shall state all the law, and instructions may supplement each other and supply defects, but where an instruction directs a verdict upon certain conditions it must state the conditions correctly. Even where instructions may supplement each other, each one must state the law correctly as far as it goes, and they should be in harmony, so that the jury may not be misled." Where an instruction contains a factual hypothesis, all elements of fact must be included. Principles of law may be supplied by other instructions. Since the element claimed to be missing in Instruction No. 20 is clearly one of law and is supplied by Instruction No. 13, we do not believe that any error was committed by the trial court in this connection.

■ ■ Appellant also complains of Instruction No. 17, which told the jury that if it found that Hanauer was injured as a result of an accident which occurred without the fault of the defendant, plaintiff could not recover. It argues that there is no evidence in the record justifying the submission of this instruction to the jury. With this contention we agree. An accident has been defined as "the result of an unknown cause or is the result of an unusual and unexpected event happening in such an unusual manner from a known cause that it could not be reasonably expected or foreseen and that it was not the result of any negligence." (Cornwell v. Bloomington Business Men's Ass'n, 163 Ill. App. 461.) Webster's New International Dictionary Second Edition defines the term accident as "an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event." Again as applied to law the term is applied

91

in equity practice, "an unexpected happening not due to any negligence or malfeasance of the party concerned." Here Hanauer's injuries were caused either by the negligence of Collebrusco, or by the negligence of Hanauer, or by the negligence of both. Under no possible interpretation of the evidence could the occurrence be described as an accident. It was therefore error to instruct the jury on the theory of an accident. (Peters v. Madigan, 262 Ill. App. 417; Mississippi Lime & Material Co. v. Smith, 282 Ill. App. 361; Streeter v. Humrichouse, 357 Ill. 234.) In the latter case it is said at page 244: "Turning to the instructions, the fifteenth instruction told the jury that if the death of the decedent was caused through 'accident purely' they should find the defendant not guilty. There was no evidence that McGann was injured through accident, alone, not coupled with negligence, and it was error to give this instruction."

Appellant also complains of appellee's Instructions No. 18 and No. 19. An instruction similar to the former was approved in Scott v. Vurdulas, 264 Ill. App. 495, and one similar to the latter was approved in Liska v. Chicago Rys. Co., 318 Ill. 570.

Finally, appellant argues that the verdict is against the manifest weight of the evidence. Since the cause must be tried again, we feel bound to refrain from commenting on the evidence. It is sufficient to say that while the evidence is close, we believe the verdict in this case can be supported. It may well be, however, that a different result would likewise be approved.

The judgment of the Circuit Court of Christian County is reversed and the cause remanded to that court for a new trial.

Reversed and remanded.