Francis A. Hanauer and Allied Mills, Inc., a Corporation, for the use of The Employers Liability Assurance Corporation, Ltd., a Corporation, Plaintiffs-Appellants, v. Harry Miller, Defendant, Zella Miller, Administrator of the Estate of Harry A. Miller, Deceased, Defendant-Appellee.

Gen. No. 10,225.

Third District.

October 22, 1959.

Released for publication November 9, 1959.

Garman and Owen, of Decatur, for appellants.

Hershey and Bliss, of Taylorville, for appellee.

JUDGE ROETH delivered the opinion of the court. This case is before us for review after this court granted leave to appeal from an order of the Circuit Court of Christian County granting a new trial. The case has a long and complex history and a detailed

analysis of events is necessary to understand the one issue involved.

This suit was instituted by the filing of a Complaint on August 31, 1948 by Allied Mills, Inc., a corporation, against the defendant, in which such plaintiff alleged in substance that Francis A. Hanauer, while in the exercise of due care and caution, was injured in consequence of the negligence of the defendant by his agent and servant; that such plaintiff was bound by the provisions of the Workmen's Compensation Act of the State of Illinois to pay certain compensation and that an application for adjustment of claim accordingly had been filed with the Industrial Commission of the State of Illinois on August 23, 1947, and was then still pending for the reason that the nature and extent of the injuries of the said Francis A. Hanauer were not then ascertained, the said Hanauer being then still confined to a hospital for further treatment to his injuries; that at the time of the filing of said Complaint, plaintiff had paid the said Francis A. Hanauer total temporary compensation for 58⅔th weeks at the rate of Eighteen Dollars ($18) per week and that medical, surgical and hospital services had been rendered him in the amount of Twenty-one Hundred Eighty Dollars ($2,180); that such plaintiff would be obligated under the provisions of the said Workmen's Compensation Act to make further payments for total complete disability or for partial complete disability or for specific loss of use to the said Francis A. Hanauer and further and additional hospital, medical and surgical expenses on his behalf; that the said Francis A. Hanauer had not filed any suit or proceeding against the defendant to recover for his injuries; that such plaintiff was not informed whether the defendant was bound by the provisions of the Workmen's Compensation Act at the time and place of the occurrence in question, and such plaintiff accordingly alleged, in

112

the alternative, either: (a) That the defendant was bound and that by virtue of Section 29 of said Workmen's Compensation Act a cause of action had accrued to such plaintiff in an amount not exceeding the aggregate amount of compensation paid and to be paid the said Francis A. Hanauer by reason of his injuries; or (b) That the defendant was not so bound and that by virtue of the provisions of Section 29 of said Workmen's Compensation Act, there had accrued to such plaintiff a right of action for and on behalf of said Francis A. Hanauer and against the defendant for the injuries received by the said Hanauer and that out of the sums recovered by such plaintiff from the defendant, that the plaintiff should pay over to Hanauer all in excess of the amount of compensation paid or to be paid by such plaintiff under the Workmen's Compensation Act and costs, attorneys' fees and reasonable expenses incurred by such plaintiff in making collection or enforcing the claim of liability against this defendant.

On November 1, 1948, the defendant filed his Motion to Dismiss, setting forth as grounds thereof that defendant was also bound by the Workmen's Compensation Act at the time of the occurrence in question and that under the provisions of Paragraph 1 of Section 29 of said Workmen's Compensation Act, the cause of action, if any, arising therefrom in favor of Francis A. Hanauer was transferred to such plaintiff and that such plaintiff's liability under the provisions of the Workmen's Compensation Act was insured and that therefore, under the provisions of Section 22 of the Civil Practice Act, such party was not the true party plaintiff. Before a hearing was had upon such Motion, a case arose and became pending in the Supreme Court of Illinois involving the constitutionality of Section 1 of said Section 29 of the Workmen's Compensation Act and said Section was held to be uncon-

113

stitutional by said Court on March 20, 1952. Grasse v. Dealer's Transport Co., 412 Ill. 179, 106 N.E.2d 124.

Thereafter and in consequence of such decision, such plaintiff, Allied Mills, Inc., filed its First Amended Complaint on April 9, 1953, in which such plaintiff alleged substantially as it had in its original Complaint, as aforesaid, except that it alleged that its liability under the provisions of the Workmen's Compensation Act had been finally determined by the Industrial Commission of the State of Illinois without prosecution of Certiorari on January 31, 1951, whereby such plaintiff became liable to pay compensation in the amount of Four Thousand Eight Hundred Dollars ($4,800), which at the date of filing of said First Amended Complaint had been fully paid, with the further sum of a lifetime pension of Thirty-two Dollars ($32) per month and all medical expenses, which then aggregated Three Thousand Nine Hundred Forty-nine and 45/100 Dollars ($3,949.45), and such further medical expenses as might be required; further that said Francis A. Hanauer had not filed any suit against defendant and that by virtue of the provisions of said Section 29 of the Workmen's Compensation Act, a right of action had accrued to the plaintiff for and on behalf of the said Francis A. Hanauer against defendant, under which plaintiff should pay over to Francis A. Hanauer any recovery in excess of the amount of compensation, medical expenses and pension paid or payable under the award of the Industrial Commission, as aforesaid, together with attorneys' fees and reasonable expenses incurred by such plaintiff in the prosecution of his claim.

Thereafter defendant on September 29, 1953, filed his Answer, putting in issue the allegations made in the First Amended Complaint by such plaintiff, Allied Mills, Inc., a corporation, and the case was tried before a jury on January 5 and 6, 1955, resulting in a verdict

in favor of the defendant and against such plaintiff. Plaintiff took an appeal to this court and this court reversed and remanded the cause for new trial because of error in the instructions. Allied Mills, Inc. v. Miller, 9 Ill.App.2d 87, 132 N.E.2d 425.

Before any further proceedings were had in this case following the above reversal by this court, the Supreme Court of Illinois decided the case of Geneva Const. v. Martin Transfer & Storage Co., 4 Ill.2d 273, 122 N.E.2d 540. In this case, where an employer was attempting to recover the amount of compensation he had paid to his injured employee from the third-party tort-feasor, the Supreme Court said:

"Apart from these dicta, it is apparent that the issue is one of first impression in this jurisdiction and must be determined in terms of the essential elements of the doctrine of subrogation. This legal concept originated in equity, but is presently an integral part of the common law, and is designed to place the ultimate responsibility for a loss upon the one on whom in good conscience it ought to fall, and to reimburse the *innocent party* who is compelled to pay. Under this doctrine, a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer.

". . . .

"In workmen's compensation cases, where the non-negligent employer has been required to pay compensation under the terms of the statute to an employee injured by a third-party tort-feasor, that loss should fall ultimately upon the wrongdoers responsible for it. If the *non-negligent* employer is deprived of his right of subrogation, it would result in the unjust enrichment of the employee, who could retain both compensation and damages, thereby violating a basic tenet of

115

■■■■■■■■

the common law that there may not be a double satisfaction for the same wrong. In fact, that common-law principle has been deemed to be the basis for the enactment of the various statutory subrogation provisions. (Cases cited.) If the employer is allowed a right of subrogation, all parties will have been duly paid, no one paid twice or imposed with double liability, and the loss will fall upon *the only party at fault,* in accordance with the equitable objectives of the doctrine. (Vance, Insurance, 680). Moreover, allowing the non-negligent employer subrogation rights would also be in accordance with the legislative policy of protecting the rights of the employer, as evidenced by section 29 of the Workmen's Compensation Act, and would be consistent with the remaining valid subrogation provisions of the act." (Emphasis supplied.)

Thereafter, the plaintiff, Allied Mills, Inc., a corporation, on August 24, 1956, filed its Motion, seeking to substitute Francis A. Hanauer as sole party-plaintiff. This Motion alleged that Francis Hanauer was the real party in interest and that Allied Mills, Inc. might have a lien on any recovery by Francis Hanauer and that Francis Hanauer should be substituted as party-plaintiff and said Allied Mills, Inc. relegated to its lien rights. Defendant resisted the allowance of this Motion and on November 21, 1956, the Motion to substitute Francis Hanauer as plaintiff was denied. The reason for denial of this Motion does not appear in the record.

On February 26, 1957, the said Francis A. Hanauer filed his petition for leave to intervene and to become a party-plaintiff, to which petition the defendant filed a Motion to strike and deny on May 1, 1957, on the grounds that such petition for leave to intervene sought to accomplish by indirection what the Court had previously denied in its order entered on November 21, 1956. Thereafter on March 11, 1957, hearing was had

upon said petition for leave to intervene and Motion thereto and the Court granted the said Francis A. Hanauer leave to become a party-plaintiff and file Count 1 of a Second Amended Complaint and Allied Mills, Inc. to file Count 2 thereof. Defendant initially answered this Second Amended Complaint. Subsequently defendant moved to withdraw his Answer and for leave to file a Motion to strike and dismiss the Second Amended Complaint. This Motion was granted and defendant thereupon filed a Motion to strike and dismiss directed to each Count. As to Count 1 it alleged that said Count was filed without authority of Francis Hanauer. As to Count 2 it alleged that said Count did not comply with Section 22 of the Civil Practice Act. The Motion was denied as to Count 1 and allowed as to Count 2. Thereupon plaintiffs obtained leave to file a Third Amended Complaint. The Third Amended Complaint contained two Counts; Count 1 by Francis Hanauer and Count 2 by Allied Mills, Inc., for use of The Employers Liability Assurance Corporation. Defendant answered both Counts and the case went to trial before a jury on both Counts.

Count 1 of the Third Amended Complaint alleged in substance, that plaintiff Francis Hanauer was employed by Allied Mills, Inc. and that defendant by his agent was operating a truck on the premises of Allied Mills, Inc. These allegations were admitted by defendant's Answer. Count 1 further alleged that Francis Hanauer was exercising due care; that defendant's agent was negligent; that as a result of the negligence of defendant's agent he sustained injuries and damages in the amount of $60,000. These allegations were denied by defendant's Answer.

Count 2 of the Third Amended Complaint alleged that Allied Mills, Inc. was a corporation and the employer of Francis Hanauer and that they were operating under the Workmen's Compensation Act; that The

117

Employers Liability Assurance Corporation, Ltd. was a corporation and the compensation insurance carrier of Allied Mills, Inc.; that at the time of his injury, Francis Hanauer was acting in the course of his employment by Allied Mills, Inc. These allegations are admitted by defendant's Answer. Count 2 further alleged that Francis Hanauer was exercising due care and that Allied Mills was exercising due care for Francis Hanauer; that defendant through his agent was negligent; that as a result of such negligence Francis Hanauer was injured. These allegations were denied by defendant's Answer. It is further alleged in Count 2 and admitted by defendant's Answer that The Employers Liability Assurance Corporation, Ltd. paid out for the benefit of Allied Mills, Inc. a total of compensation benefits under the Workmen's Compensation Act in the amount of $11,340.45. The ad damnum as to Count 2 was, however, limited to $10,000.

The case was submitted to a jury for trial upon the pleadings as above outlined. No objection was made by the defendant to submission of the issues as to both Counts to the same jury at the same time. Thus, at the outset, the issues for the jury to decide were:

(1)  Was Francis Hanauer exercising due care for his own safety.
(2)  Was Allied Mills, Inc. exercising due care for the safety of Francis Hanauer.
(3)  Was the defendant through his agent negligent.
(4)  The nature and extent of the injuries of Francis Hanauer.

Evidence was produced pro and con as to the first three issues. Evidence was also produced as to the nature and extent of the injuries of Francis Hanauer. There does not appear to have been any dispute as to the nature and extent of Hanauer's injuries in the trial of the case before the jury. In this court it is conced-

118

ed by defendant that Francis Hanauer was very seriously injured. Likewise no question is raised in this Court that the evidence was not sufficient to justify the jury in finding that Francis Hanauer was exercising due care for his own safety; that Allied Mills, Inc. was exercising due care for Hanauer's safety; and that defendant through his agent was negligent. The sole question involved in this review, revolves around the forms of verdict submitted to the jury and the verdicts returned by the jury. This requires more elaboration.

At the very outset of the trial, counsel for plaintiffs took the position that there were two separate causes of action set out in the Complaint and that separate forms of verdict would be required as to Count 1 and Count 2, that is a guilty and not guilty form of verdict as to Count 1 and a guilty and not guilty verdict as to Count 2. On the other hand, counsel for defendant, relying upon language of the Appellate Court in Geneva Const. Co. v. Martin Transfer & Storage Co., 351 Ill. App. 289, 114 N.E.2d 906, contended that only one cause of action existed and that the forms of verdict should be only two in number, that is a guilty verdict as to both plaintiffs with assessment of damages for both plaintiffs in one sum and a not guilty as to both plaintiffs. The trial court adopted the view of counsel for plaintiffs. When the case was submitted to the jury counsel for plaintiffs submitted guilty and not guilty forms of verdict as to each Count. Counsel for defendant submitted two forms of verdict, guilty and not guilty, in line with their theory. Over the objection of counsel for defendant the Court gave the forms as requested by counsel for plaintiffs. The jury returned a verdict finding defendant guilty as to the plaintiff Hanauer and assessing his damages at $10,000 and a separate verdict finding defendant guilty as to the plaintiff Allied Mills, Inc. for the use of The Employ-

119

ers Liability Assurance Corp., Ltd. and fixing its damages at $5,000. Judgments were entered on these verdicts. Subsequently by post trial Motion defendant again raised the question of the propriety of the forms of verdict and the trial court set the verdicts aside and granted a new trial on all issues.

From a reading of the cases above cited we think it clear that there was only one cause of action and that rested in Hanauer. The employer, Allied Mills, Inc. for the use of its insurance carrier had an interest in that cause of action to the extent of the amount of compensation paid, but this interest did not create a separate and independent cause of action in the employer. Its interest was merely as a subrogee pro tanto of Hanauer.

We are further of the opinion that it would have been more propitious to have adopted the procedure outlined in Prill v. Illinois State Motor Service, Inc., 16 Ill.App.2d 202, 147 N.E.2d 681, that is, to have submitted the issues under Count 1 to the jury and thereafter to treat the issues under Count 2 as an ancillary proceeding. Had such procedure been followed a verdict in favor of plaintiff Hanauer and payment of the same by defendant would have insulated the defendant against further litigation by the subrogee and a further recovery against him, since the issue then becomes one between the employer and employee, i. e., was the employer exercising due care for his employee. However, all parties were satisfied to submit all issues at the same time to the same jury, apparently on the theory that this procedure had been approved in the Geneva Construction Company case. Having adopted this procedure they are not now in a position to alter it.

When the case was submitted to the jury and the verdicts returned, although the verdicts in separating the damages as to both plaintiffs were not in accord-

ance with the law, it is apparent that the jury found all issues of fact as hereinabove set out, for the plaintiffs. Plaintiffs therefore should not be required to retry these same issues. The cause should be retried only as to the question of damages under one instruction as to the form of verdict which fixes the damages of both plaintiffs at one lump sum. When this is done both plaintiffs will be concluded by the judgment, against any further action against the defendant and the manner of division of the sum will be of no concern to the defendant.

Since the preparation of this opinion the death of the defendant has been suggested of record in this court and leave to substitute the administrator has been granted. This substitution will stand in the trial court.

Accordingly the order of the Circuit Court of Christian County granting a new trial as to all issues is reversed and the cause is remanded for retrial on the question of damage only in accordance with the views herein expressed.

Reversed and remanded with directions.

REYNOLDS, P. J. and CARROLL, J., concur.