Harris HORWICH, Plaintiff,

v.

Sam PRICE, d/b/a United Distributors, Defendant.

Civ. A. No. 3630.

United States District Court
W. D. Michigan, S. D.
May 14, 1960.

Marcus, McCroskey, Finucan & Libner and Thomas W. Finucan, Muskegon, Mich., and William G. Reamon, Grand Rapids, Mich., for plaintiff.

Alexander, Cholette, Buchanan, Perkins & Conklin and William D. Buchanan and Grant J. Gruel, Jr., Grand Rapids, Mich., for defendant.

STARR, Chief Judge.

This action arises out of an automobile accident which occurred March 18, 1958, on highway U. S. 31 in South Haven township, Van Buren county, Michigan. In this accident the plaintiff Harris Horwich was injured, and in his complaint and amended complaint he alleges that the accident and his injuries and resulting damages were proximately caused by the negligence of the defendant, Sam Price d/b/a United Distributors, and his employee in the driving and operation of the defendant's tractor and trailer. On the other hand, in his answer the defendant denies the charge of negligence and alleges that the plaintiff himself was guilty of negligence which was the proximate cause of the accident and his injuries and damages. At the time of the accident the plaintiff was employed by the H. L. Friedlen Company, an Illinois corporation, and the St. Paul Mercury Insurance Company, a Minnesota corporation, was the workmen's compensation carrier for the Friedlen Company.

On February 5th of this year the defendant filed a motion for an order requiring that plaintiff's employer, the Friedlen Company, be joined as a party plaintiff or, upon its refusal to so join, that the action be dismissed because of the absence of an indispensable party, and in its motion the defendant also asked that the St. Paul Mercury Insurance Company be joined as a party plaintiff or, upon its refusal to so join, that it be made a party defendant. That motion was denied by the court on the grounds: (1) That under the established law of Illinois plaintiff's employer, the Friedlen Company, was not an indispensable party

and not a real party in interest, and (2) that under the established law of Illinois the employer's insurance carrier, the St. Paul Mercury Insurance Company, was not a real party in interest. On April 25th of this year the defendant filed a second motion for an order requiring that plaintiff's employer, the Friedlen Company, be joined as a party plaintiff on the ground that it is a real party in interest and a necessary party in the litigation.

It appears that the plaintiff had received workmen's-compensation benefits for his injuries from his employer under the Illinois workmen's-compensation act, Illinois Revised Statutes 1955, ch. 48, § 138.5(b), which provides as follows:

"Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act. (Section 8 relates to the amount of compensation to be paid under the Act to an injured employee.)

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order.

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may, in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal rep-

resentative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

Under the provisions of the Illinois Workmen's Compensation Act quoted above an employee may take legal proceedings within the time prescribed against a third-party tort feasor to recover damages, notwithstanding his employer's payment or liability to pay compensation under the act. In the event the employee recovers judgment against the third-party tort feasor or if settlement is made either with or without suit, then from the amount received by the employee there shall be paid to the employer the amount of compensation paid or to be paid by him to the employee. If the employee begins an action against a third-party tort feasor, under the statute the employer may be permitted upon his motion to join in the action. The statute further provides that in the event the employee or his representative fails to institute suit against the third-party tort feasor prior to three months before his action would be barred by the State statute of limitations, the employer in his own name or in the name of the employee may begin suit against the third-party tort feasor for damages for the injury to the employee, and if the employer recovers in such an action, he shall pay to his injured employee or his representative all sums collected in excess of the amount of workmen's compensation paid or to be paid to the employee.

The defendant has moved to join the plaintiff's employer, the Friedlen Company, as a party plaintiff on the ground that it is a real party in interest and a necessary party to this action. Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part:

"(a) Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

Rule 19 of the Federal Rules provides in part:

"(a) Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the

504

parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

In 2 Barron and Holtzoff, Federal Practice and Procedure, § 511, pp. 53, 55, it is stated:

" 'Necessary parties' are those who have an interest in the controversy but whose interests are separable and will not be directly affected by a decree rendered in their absence, which does full justice between the parties before the court. * * *

"Persons having an interest in the subject matter of the litigation which may conveniently be adjudicated, but who have no interest in the controversy between the immediate litigants, are termed 'proper' parties, whose joinder is permitted but not required."

In 2 Barron and Holtzoff, Federal Practice and Procedure, § 482, p. 6, it is stated:

"The interpretation of the real-party-in-interest provision has not been free from difficulty. Most authorities agree that the 'real party in interest' is the party who, by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. Under this view the clause of Rule 17(a) reading 'but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought' is not an exception to the real-party-in-interest provision. Since each of these persons has a right of action by substantive law, the provision was inserted as a precautionary measure in order that the 'real party in interest' would not be confined to the person beneficially interested."

In 3 Moore's Federal Practice, 2d ed., ¶ 17.02, p. 1305, it is stated:

"The meaning and object of the real party in interest provision would be more accurately expressed if it read:

"*An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.*"

In considering Rule 17 of the Federal Rules, in Rock Drilling, Blasting, etc. v. Mason & Hanger Company, 2 Cir., 217 F.2d 687, 693, the court said:

"It is elementary that the jurisdiction of the federal courts is neither enlarged nor restricted by this Rule, and that its purport is to require that the action be prosecuted in the name of the party, who, by the substantive law, has the right sought to be enforced."

Rule 17(a) provides that "every action shall be prosecuted in the name of the real party in *interest*," and Rule 19 (a) provides that "persons having a joint *interest* shall be made parties." Therefore, it is clear that the application of these rules depends upon the interpretation to be given the term *interest*, which is used in both rules. The authorities hereinbefore cited clearly indicate that only the holder of a substantive right can be considered as a "real party in interest." Therefore, the question presented by the defendant's motion to make the H. L. Friedlen Company a party plaintiff is whether the Friedlen Company is the holder of the whole or any part of the substantive right to damages which the plaintiff asserts against the defendant in this action.

The courts of Illinois have repeatedly held that in an action by an employee against a third-party tort feasor

there is but one legal cause of action, and that is the employee's cause of action for the benefit of himself and his employer. In Gones v. Fisher, 286 Ill. 606, 122 N.E. 95, 97, 19 A.L.R. 760, in a suit against a third-party tort feasor who was not within the provisions of the State Workmen's Compensation Act, the Supreme Court of Illinois said in part:

"There is but one legal cause of action, and it is for the common benefit and use of both employer and employé. By the express provisions of said section the suit may be maintained in either the name of the employé or that of the employer. The defendant's defenses, if he has any, are necessarily the same whether he is sued in the name of the employer or of the employé. A suit in the name of the employé and a judgment therein against the defendant would be a bar to another suit in the name of the employer for the same damages, whether the suit was, in fact, prosecuted and controlled by the employé or by the employer. It must necessarily follow, then, that either the employé or the employer may prosecute such a suit to a final judgment and force the collection of the same. The plaintiff must distribute the proceeds of the judgment between the employer and the employé in the proportion to which each is entitled. The court, on its attention being called thereto by the other party interested in the judgment, would be authorized to make such order as would insure the proper distribution of the judgment, but the division thereof is no concern of the defendant. Payment of the judgment by the defendant, if any should be recovered against him, would completely discharge him from all further liability."

In O'Brien v. Chicago City Railway Co., 305 Ill. 244, 137 N.E. 214, 218, 27 A.L.R. 479, the Supreme Court of Illinois said:

"We have held * * * that the common-law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment, where such other person is not bound by the provisions of the Workmen's Compensation Act, is not affected by the act, but is preserved in its full extent to the employee; * * * while the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or employee, but in either case is for the benefit of both, in accordance with their respective rights; * * * in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law, but may prosecute the common-law action and the statutory claim for compensation at the same time."

In Chicago Surface Lines v. Foster, 241 Ill.App. 49, 53, 54, the court said:

"An employer who is free from negligence is given a 'means of indemnification' in the nature of a lien upon the claim which the injured person has against the person whose negligence caused the injury. There is but one legal cause of action, however, in such case, against the negligent party, and a suit for damages against the latter in the name of the employee and judgment therein would be a bar to another suit brought by the employer for the same damages. Gones v. Fisher, supra (286 Ill. 606), p. 613 [122 N.E. 95, 19 A.L.R. 760]."

In Hanauer v. Miller, 23 Ill.App.2d 111, 161 N.E.2d 569, 573, the appellate court of Illinois said:

"We think it clear that there was only one cause of action and that rested in Hanauer (the employee). The employer, Allied Mills, Inc., for the use of its insurance carrier had an interest in that cause of action to the extent of the amount of compensation paid, but this interest did not create a separate and independent cause of action in the employer. Its interest was merely as subrogee pro tanto of Hanauer."

 It is clear that under the provisions of the Illinois Workmen's Compensation Act hereinbefore quoted there is only one cause of action against a third-party tort feasor and that the employee alone has that cause of action unless he fails to bring it within the time prescribed by the act. The accident involved in the present action occurred March 18, 1958, and the plaintiff filed complaint April 23, 1959, which was within the time prescribed by the State compensation act. As the action was begun by the employee within the prescribed limit of time, it is clear that his employer, the Friedlen Company, has no right of action against the defendant even though under the compensation act it may have an interest in any damages which the employee recovers from the defendant.

Furthermore, it appears that plaintiff's employer, the Friedlen Company, has executed a written assignment and transfer to the plaintiff of any claim and demand it may have against the defendant, and it is clear that under the established law of Illinois this assignment would vest in the plaintiff all rights and claims, if any, which the Friedlen Company might have against the defendant under the Illinois Workmen's Compensation Act.

For the reasons hereinbefore stated the court concludes that under the established law of Illinois the plaintiff's employer, the H. L. Friedlen Company, is not a real party in interest, is not a necessary party in this action, and need not be joined as a party plaintiff.

The defendant's motion for an order requiring the H. L. Friedlen Company to be joined in this action as a party plaintiff is denied and an order will be entered accordingly.